6   1
138  433

6   1
160  253
51a 504

6   1
47a 662

6   1
54a 459
55a 250

6   1
59a 390

---

ELIZABETH HART, plaintiff in error, *v.* CYRUS TOLMAN, administrator of Urial Downey, dec'd., defendant in error.

*Error to Jersey.*

In a suit upon a bond, conditioned for the payment of a specified sum whenever the obligor shall be released from another penal bond, previously executed, and said bond should be cancelled, it was not averred in the declaration that the obligor had been released or discharged from the obligation of such bond, and the declaration was *held* bad.

*Held,* also, that, although one count referred to the original bond, and an attempt was made to produce it as an exhibit, but neither the bond or the condition thereof, nor the manner of its release, was set out in the pleadings, the Court would not go out of the pleadings to ascertain the character of the obligation.

DEBT on bond, in the Jersey Circuit Court, at the September term 1843, before the Hon. Samuel D. Lockwood. The bond was given by the defendant's intestate to Elizabeth Hart, and the condition was in the words and figures following, to wit:

"The condition of the above bond is such, that whereas the said Downey and John Vaughn did on the 15th day of May 1840 enter into a penal bond with Elizabeth Hart and

John Baugh Jr. in the sum of two thousand dollars to William Hart (then) of Jersey county to save and keep the said William Hart harmless and free from all liability or accountability for alimony or maintenance of Elizabeth Hart or her children forever; and whereas also the said Urial Downey stands indebted to the said Elizabeth Hart in the sum of two hundred dollars to be paid without interest whenever he the said Downey shall be released from the obligation of the said penal bond and said bond shall be entirely cancelled as to him the said Downey: Now, therefore, if the said Urial Downey shall pay to the said Elizabeth Hart the said sum of two hundred dollars without interest whenever he, the said Downey, shall be released from the said penal bond, and the said bond shall be cancelled as to the said Downey, then this obligation to be null and void, otherwise to remain in full force and effect." The bond was signed and sealed by Urial Downey.

The declaration did not contain any averment that the said Downey had been released from the penal bond, or that the same was cancelled as to him. There was, however, this averment, to wit: "and the said Downey, his heirs and administrators are released from all the liability of the said bond to the said William by the said Downey and others given." A demurrer to the declaration was interposed, and the plaintiff joined therein. The Court sustained the demurrer, and rendered a judgment for costs against the plaintiff.

*J. W. Chickering*, and *W. K. Titcomb*, for the plaintiff in error.

*M. B. Miner*, for the defendant in error.

The Opinion of the Court was delivered by

SHIELDS, J.   This is a writ of error to the Circuit Court of Jersey county.   The action, debt on bond conditioned for the payment of money.   The declaration contains two counts. There is a general demurrer to the whole declaration, which the Court below sustained. This decision is assigned for error.

The first count is bad. The bond sued upon contains a condition, that upon the release of Urial Downey from the obligation of a previous bond, he, the said Downey, should pay the appellant the sum of two hundred dollars; but there is no averment in the count that he has ever been released or discharged from the obligation of the previous bond. On the contrary, it shows that his representative is still liable on such bond for the amount of alimony decreed, which is one thousand dollars.

The second count merely refers to the original bond and attempts to make it an exhibit, but neither the bond or condition are set forth in the pleadings. This Court cannot go out of the pleadings to ascertain the character of the obligation. It avers, it is true, that a certain obligation was released, but it does not set out, or give the substance of the obligation thus released, neither does it show in what manner it was released. The pleadings are otherwise loose and inaccurate. Both counts, therefore, are clearly defective.

The judgment of the Court below is, therefore, affirmed with costs.

*Judgment affirmed.*