## Louis A. Burgener et al. v. Layton Lippold.

### Gen. No. 4,712.

1. ADMISSIONS—*how proof of, may be made.* Admissions contained in pleadings filed in a cause pending in court are competent proof in another cause, if relevant.

2. POSSESSION—*presumption of continuance of.* The fact of possession being established, the presumption of law follows that possession continues until the contrary is shown by the evidence.

3. REOPENING CASE—*when not improper.* Where a case has been tried by the court without a jury, it is proper for the court to permit a party to reopen his case and introduce further evidence.

4. PROPOSITIONS OF LAW—*effect of failure to present.* Where propositions of law are not submitted, no questions of law are presented for review except such as are raised by the rulings of the court with respect to the admission and exclusion of evidence.

Action commenced before justice of the peace. Appeal from the City Court of Aurora; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

A. H. SWITZER and FRANK G. PLAIN, for appellants.

SEARS & SMITH and JOHN C. MURPHY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is an action of forcible detainer brought before

a justice by Lippold against Burgener and wife to re-
cover possession of lot 8 in block 8 in Bidwell's addi-
tion to Aurora. Plaintiff recovered before the justice
and again in the City Court on appeal. Defendants
prosecute this further appeal, and argue that the proof
does not show plaintiff was entitled to the possession
when the suit was brought, or that defendants were
then in possession, or that they refused to surrender
possession upon demand by plaintiff; and also that the
court erred in sustaining objections to certain ques-
tions put by defendants.

Plaintiff introduced a deed of said premises from
Michael Kehl to himself, dated and acknowledged
March 9, and recorded March 10, 1900, and a written
demand by him for possession of said premises, and
proved service of the same upon defendants by copy
on January 20, 1902, two days before this suit was
begun. Plaintiff also put in evidence a bill in equity
filed in the City Court of Aurora by Burgener and his
wife against said Lippold and said Kehl, after this
suit had reached the City Court on appeal. That bill
set up that on April 1, 1897, Kehl owned and possessed
said lot; that he then entered into an agreement with
said complainants, Burgener and wife, to execute a
deed of said premises to them which should take effect
at his death, for certain considerations in said bill
stated, including the support of said Kehl and the re-
building and repairing of the house on said premises;
that said complainants took possession of said prem-
ises as soon as they had made them tenantable, and
since that date used and occupied them; that they
had kept their contract; that Kehl refused longer
to board with complainants, and, in order to deprive
them of their interest in the premises, conveyed them
to Lippold by the deed above mentioned; that Lip-
pold paid no consideration and took said deed with
full knowledge of the rights of complainants, and
solely for the purpose of defrauding them. The

bill also set up the bringing of this suit in forcible detainer by Lippold against complainants, his recovery of a judgment against them for possession, their appeal therefrom to said City Court; that Lippold and Kehl were continually "hindering and disturbing your orators in the peaceable possession of said property." The bill prayed, among other things, that the deed from Kehl to Lippold be set aside, that Kehl be required to perform his contract with complainants, and that Lippold be enjoined from prosecuting this forcible detainer suit and "from disturbing the possession of your orators in said premises." Said bill was under the oath of Burgener. A temporary injunction was granted. Plaintiff also introduced an answer by Kehl and Lippold to said bill. It admitted that Kehl owned and possessed the premises at the time stated in the bill and had conveyed them to Lippold, but denied most of the other material allegations of the bill. Plaintiff also introduced the decree entered upon the final hearing of said cause, by which decree the injunction was dissolved and the bill was dismissed for want of equity.

This bill, filed by the defendants in the present suit and under the oath of one of them, and relating to the prosecution of this very suit, was competent evidence against defendants, and was *prima facie* proof of the admissions therein made. Robbins v. Butler, 24 Ill. 387, 427; Daub v. Engelbach, 109 Ill. 267; Gardner v. Meeker, 169 Ill. 40. It is argued that it cannot have the effect to prove that the complainants therein, defendants here, were in possession of the premises at the commencement of this suit, for the reason that the answer of Kehl and Lippold denied such possession, and the decree found "that none of the material allegations of complainants' bill of complaint that are denied by the answer are sustained." We do not concede that the decree could deprive the bill of its quality as evidence of admissions by the complainants therein,

but we do not construe the answer to deny that complainants were in possession of the premises, but it denies that they took possession and used and improved the premises "as in said bill alleged," that is, under the contract and claim of right set up in the bill. This bill, therefore, shows that Burgener and his wife took possession long before Lippold's demand for possession, and that they retained that possession up to the date when the bill was filed and the further prosecution of this suit was enjoined. That possession is presumed to have continued. Ragor v. McKay, 44 Ill. App. 79. The bill, therefore, shows that they did not deliver up possession when demanded by Lippold, and that they had possession when this suit was brought.

The case made is that Kehl owned and possessed the premises; that he let Burgener and wife into possession with him; that he afterwards conveyed to Lippold, and moved out himself; that Lippold demanded possession of Burgener and wife, and they did not yield possession; that Lippold brought this suit, and they then filed a bill to enjoin it, setting up an alleged contract with Kehl under which they entered and which they had performed, and averring that they were without remedy save in a court of equity; and that upon a hearing there was a decree finding against their alleged rights. They were bound to set up in that bill and litigate in that case all their rights and all their defenses against this suit. That decree was proof that they were in possession without right. The facts, therefore, established a right in plaintiff to recover. The questions put by defendants to Kehl and to which the court sustained objections, were intended to reopen and relitigate questions settled by the decree. The case was tried without a jury, and the court did not err in permitting plaintiff to offer further proof in chief, after he had once rested. No propositions of law were presented, and no questions are, therefore, preserved for review by the record, except the question whether the court

erred in rulings upon the admission of testimony and whether the proof warranted the judgment. We are of opinion plaintiff was entitled to recover under the proofs and that there was no reversible error in the rulings upon the evidence. The judgment is, therefore, affirmed.

*Affirmed.*