## William Jester and Thomas Jester, Appellees, v. Charles G. Young, Administrator, Appellant.

1. ADMINISTRATION OF ESTATES—*when report is res adjudicata.* Where an item for certain attorneys' fees is not written in the final report of an administrator but is presented by motion and is denied and no appeal is taken, such action is a final adjudication of the question, and it cannot be again raised by filing a supplemental report with only such item additional therein.

2. APPEALS AND ERRORS—*affirmance.* If the judgment of the trial court is correct, it must be affirmed regardless of the reasoning by which the court arrived at it.

3. ADMINISTRATION OF ESTATES—*when propositions of law may not properly be submitted.* Where the question in proceedings on

an administrator's report is whether certain additional attorney's fees should be allowed, the question is not one upon which propositions of law may properly be submitted.

Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

HOGAN & WALLACE, for appellant.

TAYLOR & TAYLOR and W. B. MCBRIDE, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This appeal is prosecuted from the judgment of the circuit court of Christian county in the estate of George Jester, deceased, upon the final report filed by the administrator, to which objections were filed by the heirs. Appellant, as administrator of the estate, filed his final report in the county court. From the action of the county court an appeal was taken to the circuit court, where the objections to the report were again considered on appeal.

This appeal is only prosecuted from the judgment of the court, upon the question of allowing an attorney's fee to the administrator for Hogan and Wallace as attorneys for services claimed to have been performed by them for the administrator. The question of this attorneys' fee was not raised in the county court, but after the appeal to the circuit court the administrator, upon the consideration of the final report, asked the court to allow to be included in the report an attorneys' fee of one hundred dollars. This sum was asked as additional compensation to the service which had before that time been allowed in the county court. This item of attorneys' fees does not appear to have been recited in the final report as made to the county court. The circuit court denied this motion and approved the report and ordered a final distribution. Thereafter, appellant filed in the circuit court what purported to be a supplemental report, the only

additional item in this report was these attorneys' fees. Objections were filed to the so-called supplemental report and were sustained by the circuit court; and it is from that judgment in refusing to allow appellant the additional one hundred dollars for attorneys' fees that this appeal is prosecuted.

It is insisted by appellees that by making the motion for the allowance of this additional attorneys' fees at the time of the hearing upon the final report, and the court having passed upon that question on that motion and finally determined it in that hearing, that the question now is one of *res adjudicata,* and appellant is bound by the action of the circuit court upon his motion from which no appeal was taken.

Appellant, on the other hand, insists that because the item for this attorneys' fee was not actually written in the report, upon the final report which was passed upon by the court, but was heard by the court only upon motion, that it was not properly before the court for determination.

We are of the opinion that when appellant submitted this question to the circuit court upon motion and the court finally passed upon that motion and rejected the claim for the allowance of one hundred dollars as additional attorneys' fees, that that was a final adjudication of that matter, and that the question cannot be again raised by filing a so-called supplemental report with only this item additional therein. Whether the trial court arrived at this judgment by reason of holding that the question was *res adjudicata* we are not informed, and we hold that it is immaterial by what process of reasoning the trial court arrived at this judgment, if the judgment is correct, it must be sustained. The trial court heard the evidence upon this question, and we are not prepared to say that its judgment is not correct, and we are therefore not inclined to disturb it.

It is insisted that the trial court erred upon propositions of law submitted to it by appellant; it is sufficient to say upon this contention that this is not a question

upon which propositions of law may properly be submitted to the trial court to be passed upon by it. Propositions of law or fact are only proper to be submitted to the trial court where if the matter was not submitted to the court without a jury the parties would be entitled to a jury trial; this case is not of that character and the question of the action of the trial court upon the propositions of law will not be considered by this court.

The judgment is affirmed.

*Affirmed.*