Harry E. Brown, Appellant, v. W. B. Atwood, Appellee.

Gen. No. 6,201.

1. APPEAL AND ERROR, § 1034*—*when judicial notice taken of warrant of attorney not set out in bill of exceptions.* In the absence of a special demurrer to a declaration which expressly makes a part thereof and· files therewith, as an exhibit, a warrant of attorney to confess judgment, the reviewing court will take notice of such warrant of attorney though not set out in the bill of exceptions.

2. JUDGMENT, § 17*—*when power of attorney to confess judgment on award of arbitrators invalid.* A power of attorney to confess judgment on a common-law award of arbitrators to be made after the execution of the power is invalid.

3. JUDGMENT, § 80*—*when judgment by confession may be vacated after expiration of term.* A court may vacate a judgment by confession after the expiration of the term at which it was rendered if it was without jurisdiction to enter the judgment.

4. JUDGMENT, § 13*—*when judgment by confession void.* A judgment by confession entered under an invalid power of attorney is void.

5. JUDGMENT, § 87*—*when suit dismissed upon vacation of void judgment.* Where, after vacation of a void judgment by confession, the plaintiff declined to take further proceedings, the suit may be dismissed.

Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916. *Certiorari* denied by Supreme Court (making opinion final).

STURTZ & EWAN and HARRY E. BROWN, *pro se*, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES G. DAVIS and JOSEPH L. SHAW, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellant, Harry E. Brown, and appellee, W. B. Atwood, submitted to arbitration all controversies existing between them. The hearing March 26, 1913, resulted in an award in favor of the appellant and against appellee for the sum of $3,188.70. Appellant says, correctly we think, that it was not a proceeding under the statute, but was one at common law. The arbitration agreement was in writing and contained a provision: "That the award, when so made, may by either party be filed in the Circuit Court of Henry county, Illinois, and when so filed the said court is hereby authorized to enter judgment in favor of the party in whose favor said award may be made, without notice to either party hereto," followed by a warrant of attorney in the usual form used with promissory notes to confess judgment for such an amount as might be awarded. Afterwards appellant filed a declaration in the Circuit Court, counting on said award, and averring that the defendant had executed his power of attorney authorizing a confession of judgment thereon, setting out the legal effect of the award and attaching a copy of it to the declaration as an exhibit, expressly making the copy "a part of this declaration." Judgment by confession was entered in term time on this declaration. The exhibit so attempted to be made a part of the declaration included the arbitration agreement, the oath of the arbitrators, and their finding or award. Execution issued on the judgment so obtained. At a subsequent term, November 4, 1914, appellee appeared and entered a motion to vacate and set aside the judgment and quash the execution on the ground that the warrant of attorney attached to the declaration conferred no jurisdiction upon the court

to enter judgment against him, supported by his affidavit that the execution was served on him September 18, 1914, which was the first knowledge or notice he had that a judgment had been rendered or any proceeding commenced against him. Appellant moved to strike this motion from the files for the following reasons: That it comes too late, is vague and indefinite and does not point out wherein the warrant of attorney attached to the declaration fails to confer jurisdiction; that the affidavit of the defendant was sworn to before one of his attorneys of record; that the question raised by the motion is one of law, and the court has no jurisdiction to vacate said judgment after the term in which it was entered; that the defendant does not show any defense; that no equitable reason is presented for setting aside the judgment; that the defendant does not deny the debt; that the warrant of attorney gave the court jurisdiction of the person of the defendant and of the subject-matter of the suit; and the judgment can only be attacked for equitable reasons. The court heard the two motions together; denied appellant's motion and sustained appellee's motion to vacate the judgment and recall the execution; ordered that the judgment be set aside and vacated, and the execution quashed. Then the record recites that "The plaintiff, declining to proceed further in this suit, and the costs thereof having been paid, the suit is dismissed," from which judgment of the court this appeal was allowed and perfected, and a bill of exceptions signed showing the motion and affidavit of appellee, and the motion of appellant, above referred to, but not setting out the exhibit attempted to be made a part of the declaration.

It is claimed by appellee, and admitted by appellant in his reply brief, that because the arbitration agreement containing the power of attorney to confess judgment and other writings attempted to be made a part of the declaration as an exhibit are not preserved in the bill of exceptions that they are not before us for

consideration, and appellant urges that we must therefore assume that there was a valid power of attorney upon which the judgment was confessed. It does not appear in the body of the declaration that it is a suit upon an arbitration award which contained a warrant of attorney to confess judgment on the award to be rendered. Perhaps the reasonable assumption that such power of attorney was exercised in confessing this judgment is not warranted if we cannot take notice that the judgment was confessed by an attorney acting under that power.

There is an abundance of authority that it is not permissible to make exhibits a part of the pleadings at law, though it is a common practice in equity. In *Jones v. City of Chicago,* 167 Ill. App. 175, the court collected the Illinois authorities on that question. The cases there cited, most if not all of them, refer to copies of instruments sued on that are filed with the declaration under the statute requiring such copies to be filed. This court said in *Sehnert v. Schipper & Block,* 168 Ill. App. 245, "Common-law pleading cannot be done by exhibits," citing *Hart v. Tolman,* 6 Ill. (1 Gilm.) 1; *Thompson v. Kimball,* 55 Ill. App. 249; and *Chicago Portrait Co. v. Chicago Crayon Co.,* 118 Ill. App. 98, but held that the objection must be raised by special demurrer, and in the absence of such objection the exhibits, when by the language of the plea they are made a part of the pleadings, are to be treated as such. In the present case the exhibit is filed with the declaration and expressly made a part of the pleading, as was done in the *Sehnert* case, *supra.* We adhere to our holding in that case, and therefore take notice of the warrant of attorney on which the judgment was confessed in the present case. This presents the question whether a valid power of attorney can exist to confess judgment on an award not yet rendered in a common-law arbitration proceeding.

Appellee in his brief, at considerable length, shows

that the judgment cannot be maintained under the statute authorizing judgments in statutory arbitration proceedings. Appellant does not deny this, but says: "We are not concerned with the statute at all. The judgment in this case is justified under the common law." Judgment by confession cannot be entered upon an award unless the arbitration has been conducted under the statute and in compliance with its terms. *Duffy v. Odell*, 117 Ill. App. 336. There can be no valid warrant of attorney to confess judgment against the donor of the power where the amount of judgment is not fixed in the power. *Little v. Dyer*, 138 Ill. 272. There may be a valid warrant of attorney to confess judgment for rent to become due by the terms of the lease where the monthly rental is fixed by the lease, and the amount due is ascertainable by inspection of the lease, but not for the confession of judgment for other matters not ascertainable by an inspection of the lease. *Fortune v. Bartolomei*, 164 Ill. 51. Authority to confess a judgment without process must be clear and explicit and strictly pursued. A judgment so entered without such authority is a nullity. The judgment must be for a fixed and definite sum, and the facts supporting it must be established by the written documents required by the statute to be filed in order to authorize entry of a judgment by confession. *Weber v. Powers*, 213 Ill. 370.

We are of the opinion that there can be no valid power of attorney to confess judgment on a common-law award of arbitrators to be made after the attempted execution of the power. A court has the power to vacate a judgment after the expiration of the term at which it was rendered if it was without jurisdiction to enter the judgment. *City of Chicago v. Nodeck*, 202 Ill. 267, and authorities there cited.

It follows that the judgment entered by confession on the award was void, entered without authority, and

was properly vacated and set aside. After this action of the court the case was still there pending on the declaration filed. Appellant could, if he had seen fit, taken further proceedings, but as he declined to do so, the court did not err in dismissing the suit. Finding no error in the record the judgment is affirmed.

*Affirmed.*