# Harry E. Brown, Appellee, v. William S. Atwood, Appellant.

## Gen. No. 6,953.

1. JUDGMENT—*warrant of attorney to confess judgment on future award as void.* A warrant of attorney to confess judgment upon an award which is yet to be made is void because not for the confession of a judgment for a fixed amount.

2. APPEAL AND ERROR—*judgment as not disturbed because improper or incorrect reasons therefor were given.* The judgment of the trial court will not be disturbed by the reviewing court because improper or incorrect reasons therefor were given.

3. JUDGMENT—*what matters concluded by former adjudication.* Where a judgment upon an award was set aside by the circuit court upon motion of defendant made on the ground that the warrant of attorney under which the judgment was entered was insufficient and upon appeal the Appellate Court held explicitly that such order should be affirmed because of the nullity of the warrant of attorney to confess judgment, the doctrine of *res judicata* cannot be applied to any other element of the case although the circuit court may have given as reasons for its order that the award was itself invalid in certain respects.

4. ARBITRATION AND AWARD—*presumption in favor of validity of award.* Courts look with favor upon arbitration as a method of settling disputes, and every presumption in favor of the validity of an award will be indulged.

5. ARBITRATION AND AWARD—*when evidence aliunde as to appointment and qualification of third arbitrator is admissible.* Where nothing appears in an award by arbitrators to show whether the third arbitrator, whose appointment by the two arbitrators named was provided for in the arbitration agreement, was in fact appointed and qualified, evidence *aliunde* may be considered upon that question.

6. ARBITRATION AND AWARD—*when award need not contain specific findings.* It is not necessary that an award made under an arbitration agreement which is general and inclusive shall contain specific findings when the controversy relates only to money demands, an award in a lump sum being sufficient.

7. ARBITRATION AND AWARD—*right of arbitrators to give parties notice of award made.* Although when an award has once been made the arbitrators are thereafter without power to alter the same or make a new award, there is no substantial objection to the

arbitrators giving the parties notice of what award was made though the submission agreement does not require such notice.

8. ARBITRATION AND AWARD—*when notice of finding and award is admissible in evidence.* In an action of assumpsit upon an award, it is competent to introduce in evidence a notice of the finding and award for the purpose of showing that a certain matter was in fact disposed of by the award.

9. APPEAL AND ERROR—*when Appellate Court may pass upon all questions of law and fact involved.* In cases appealed from the trial court to the Appellate Court, such court may pass upon all questions of law and fact involved though no propositions of law or fact were submitted to the court.

Appeal from the Circuit Court of Henry county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed February 23, 1922. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES G. DAVIS and JOSEPH L. SHAW, for appellant; THOMAS M. TAYLOR, of counsel.

STURTZ & EWAN and HARRY E. BROWN, *pro se*, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The appellee, Harry E. Brown, filed this suit in assumpsit on an award made under an arbitration agreement between the parties. After issued joined, the cause was tried by the court without the intervention of a jury and judgment was rendered in favor of the appellee and against appellant for $4,413 damages and costs of suit, the above-mentioned damages being the amount found to be due on the award together with interest thereon.

The arbitration agreement entered into between the parties to the suit contains a preamble as follows: "Whereas controversies exist and for sometime have existed between us * * * in relation to divers subjects and more particular in relation to all matters of and concerning the leasing by said Brown to said Atwood of certain lands, described in the lease

hereto attached, and which said lease was not properly carried out by the said William B. Atwood, as provided in said lease, nor has the said Atwood repaid the said Brown for moneys advanced nor has the said Atwood paid said Brown for grain, etc., bought of said Brown.'' The agreement provides among other things that the parties: ''Do hereby mutually covenant and agree to and with each other to submit all matters of action, cause and causes of actions, suits, controversies, claims and demands whatsoever now pending, existing or held by and between us to Theo. Becker, Peter Vogler, and a third disinterested party, to be selected by the two heretofore mentioned, all of Henry County, Illinois, as arbitrators,'' etc. The agreement then authorizes the circuit court of Henry county, Illinois, to enter a judgment in favor of the party to whom the award may be made; and any attorney of any court of record is empowered to appear for said Atwood in term time or vacation and confess a judgment without process in favor of the said Brown for such amount as may be awarded. It further provides that the award shall be made on or before April 1, 1913. The agreement further recites that: ''Said Atwood has agreed with Hammer that Hammer has four hundred and fifty dollars due him for plowing and discing, and if said arbitrators find said Atwood should pay all or part of said amount, then such amount so found by said arbitrators may be added to the amount found owing to Brown, and Brown will assume said amount.'' The agreement bears date January 27, 1913.

Pursuant to said agreement the above-named arbitrators selected one Adam Gernant as the third arbitrator and the said arbitrators after taking and subscribing an oath as was provided by said agreement made the following award:

''Geneseo, Illinois, March 26, 1913. We, the arbitrators, selected and appointed in the foregoing ar-

bitration agreement between Harry E. Brown and Wm. B. Atwood, after careful consideration, after hearing all the evidence produced by both sides, have concluded that Wm. B. Atwood, one of the parties to said arbitration agreement, is indebted to and owes the said Harry E. Brown the sum of thirty-one hundred eighty-eight dollars and 70 cents and that said Wm. B. Atwood should pay said amount to said Harry E. Brown." The award is signed by each of the above-named arbitrators.

The award was filed in the office of the circuit clerk and a judgment by confession was entered in favor of appellee and against appellant in the circuit court of Henry county for the amount of said award pursuant to the terms and conditions relating thereto as set forth in said arbitration agreement. Thereafter, appellant filed his motion to vacate said judgment on the ground that the warrant of attorney attached to the declaration conferred no jurisdiction upon the court to enter judgment. This motion was supported by an affidavit of appellant to the effect that the first knowledge or notice he had that a judgment had been rendered against him was when he was served with an execution issued thereon. Appellee moved to strike said motion from the files, which motion was denied. The court then sustained the motion of the appellant here to vacate the judgment. Appellee declined to proceed further in said suit and the costs thereof having been paid, a judgment was entered dismissing the suit. An appeal was taken to this court by Brown from the said judgment of the circuit court and the judgment was affirmed. (*Brown v. Atwood,* 200 Ill. App. 210.) We then held that under the authority of *Little v. Dyer,* 138 Ill. 272: "There can be no valid warrant of attorney to confess judgment against the donor of the power where the amount of judgment is not fixed in the power. * * * There may be a valid warrant of attorney to confess

judgment for rent to become due by the terms of the lease where the monthly rental is fixed by the lease, and the amount due is ascertainable by inspection of the lease, but not for the confession of a judgment for other matters not ascertainable by an inspection of the lease." It will be seen by an examination of the opinion in *Brown v. Atwood, supra,* that the only ground for vacating the above-mentioned judgment by confession was the want of a valid warrant of attorney to confess the judgment and the only defect in the warrant arose from the fact that the award was yet to be made. Under such circumstances the warrant was invalid and the judgment entered as a result thereof was a nullity.

After our decision in *Brown v. Atwood, supra,* had been handed down, this suit in assumpsit upon the award was instituted. The appellant Atwood, filed a plea of the general issue and also two special pleas. The first special plea alleged the former judgment by confession, the order of the circuit court vacating the same and the affirmance of said order by this court. The second special plea contained the same matters and in addition thereto averred that the judgment of the circuit court vacating the original judgment was based on the invalidity of the award.

Upon the hearing of this cause the above-named arbitrator, Theo. Becker, testified over the objections of the appellant that the said Adam Gernant who was selected as the third arbitrator was at the time of his selection and while he was acting as an arbitrator a resident of Henry county, Illinois, and that he was selected as such arbitrator by him, the said Becker, and by the above-named Peter Vogler, all of whom were then residents of said Henry county, Illinois. There was also admitted over appellant's objections plaintiff's exhibit 1, which purports to be a notice to Atwood of the finding and award of the arbitrators. It is substantially in the language of the

award with the additional recital that Atwood should pay Brown the sum of $2,738.70, exclusive of the amount due Hammer, and that he should also pay to Brown the further sum of $450 on account of the plowing and that Brown should pay that amount to Hammer. It further states that in the judgment of the arbitrators, Atwood is indebted to Brown under the terms of the agreement of arbitration, including plowing to be paid to Hammer by Brown, the sum of $3,188.70. This instrument was signed by each of the arbitrators. Brown testified that he delivered a copy of said exhibit to Atwood a few days after March 26, 1913. Atwood in his testimony denies that Brown delivered him a copy of said exhibit and states that he never saw a copy thereof until it was shown him while upon the witness stand.

The appellant, Atwood, contends that the present judgment against him should be reversed on the ground that the award is void, first, because it fails to show upon its face that the third arbitrator, Adam Gernant, was selected or that he was a disinterested party or that he was a resident of Henry county, Illinois, and, second, that it is not coextensive with the terms of the submission because it does not show on its face what determination was reached in reference to the $450 due to Hammer as aforesaid. Appellant also seeks a reversal on the ground, as he claims, that the circuit court in its order vacating the judgment by confession held that the award was invalid, which order was later affirmed by this court and therefore is *res judicata* with respect to the question of the invalidity of the award.

We will dispose of the last contention first. On the trial of this cause Atwood, for the purpose of showing the reasons which moved the circuit court to vacate the judgment by confession, offered in evidence a copy of a printed brief and argument filed by Brown in this court when the former appeal was be-

fore us. In this printed brief it is stated that the circuit court did not vacate said judgment by confession for the reason assigned by Atwood in his motion, to wit, that the warrant of attorney was insufficient, but the court assigned other and different reasons for its action, i. e., that the award fails to show that Gernant was properly qualified to act as an arbitrator under the terms of the arbitration agreement and also that the award fails to show any determination of the Hammer matter and therefore the award itself was void and consequently the judgment was void.

The only matter addressed to the circuit court for its determination was whether or not the motion to vacate the judgment should be allowed or denied. The court decided that the motion should be allowed and a judgment allowing it was accordingly entered. It has been repeatedly held that it makes no difference what reasons may be assigned by the court for its action if the conclusion reached is correct. A judgment of a trial court will not be disturbed because improper or incorrect reasons therefor may have been given. (4 Corpus Juris 1132; *Jester v. Young,* 180 Ill. App. 690, 692; *Scoville Mfg. Co. v. Cassidy,* 275 Ill. 462.) So in this case, even if it be admitted by the parties hereto that the circuit court at that time did hold that the award was void, still, under the circumstances of this case, it cannot be properly claimed that the doctrine of *res judicata* can now be applied here. The reasons assigned by the circuit court were not made a part of the record in that case. In fact there was nothing in the motion or in the record anywhere to disclose the fact, if it be a fact, that the circuit court granted the motion to vacate the judgment on any other or different ground than that assigned by the motion to vacate. The purpose of introducing the printed brief in the former case was to show an admission of Brown that the circuit court had upon a former occasion held that the award

in question was invalid for certain specified reasons. Even if we were of the opinion that the reasons assigned by the circuit court for its ruling might be shown in determining a question of *res judicata,* nevertheless, we would decline to consider proofs of such a vague character as that presented here. But there is a more potent reason for holding against the contention of the appellant than that already discussed. An appeal was taken from the order vacating the judgment by confession and this court held explicitly that the order of the circuit court vacating the judgment should be affirmed because of the nullity of the warrant of attorney to confess the judgment. The decision and judgment of this court in that case are decisive and binding upon the parties. It, therefore, cannot be contended that the doctrine of *res judicata* can be applied to any element of the case except that the judgment by confession was void because of the invalidity of the warrant to confess judgment. We, therefore, conclude that the pleas of *res judicata* in the case at bar presented no defense.

We will now consider the question whether the award was void because of its failure to show that the third arbitrator, Adam Gernant, was duly selected and properly qualified to act as an arbitrator. The arbitration agreement gave the other two arbitrators the power to select a third arbitrator who should be a disinterested person and also a resident of Henry county, Illinois. There is nothing in the award affirmatively showing that Gernant was selected or that he was a disinterested person or that he was a resident of Henry county, Illinois. Is it essential to a valid award that his selection and qualifications must affirmatively appear therein? Courts look with favor upon arbitration as a method of settling disputes and every presumption in favor of the validity of an award will be indulged. In *Seaton v. Kendall,* 171 Ill. 410, it is said that every reasonable intent

and presumption is in favor of the validity of the award and the burden rests upon appellant to impeach it by competent evidence. In 5 Corpus Juris 115, it is said that: "In the absence of provisions in the submission or of some statutory requirement, it is not necessary that an award should recite the submission or show what it was that has been submitted, that the arbitrators have been duly constituted, that the parties have been heard, that all legal evidence has been admitted, that all matters admitted have been submitted, or that only matters within the submission have been considered." In the instant case, there is nothing to rebut the presumption that a third arbitrator was duly selected and qualified according to the terms of the arbitration agreement. In determining questions such as this, evidence *aliunde* may be considered. Evidence was introduced on the trial showing conclusively that Gernant was selected by the other arbitrators; that he was a disinterested person and also that he was a resident of Henry county, Illinois. No evidence was offered tending to contradict this showing. It, therefore, appears that Gernant was a duly selected and qualified arbitrator with full power to act as such.

It is further urged that the award is void because of its failure to affirmatively show a disposition of the Hammer matter. All that the arbitration agreement requires of the arbitrators with respect to this matter is to determine whether or not Atwood should pay a part of the $450 due Hammer and, if so, then the arbitrators were to add that amount to whatever sum they should find due from Atwood to Brown. It was further agreed that Brown should assume said amount found to be due from Atwood to Hammer. The arbitrators had nothing to do with determining whether or not there was $450 due to Hammer. This was an already ascertained fact as stated in the agreement. The arbitrators' duty in regard to this

sum was merely to determine whether or not Atwood was liable for the whole or any portion of it, and if they determined he was so liable, then they should add the amount found to be due from Atwood to Hammer to whatever amount they also found to be due from Atwood to Brown and Brown was to assume it. This he did and afterwards paid Hammer. It is true that the award makes no specific mention of what sum the arbitrators found to be due from Atwood to Hammer. Neither does it specifically find the various sums to be due from Atwood to Brown on account of any of the items mentioned in the preamble of the agreement above referred to. Nor do we think it is necessary for the award to make specific findings when the controversy relates only to money demands. In such a case it is sufficient if the award is made in a lump sum. In *Stearns v. Cope,* 109 Ill. 340, it is said on page 347 that: "We fully recognize the rule that where several distinct matters, not consisting of mere money demands, are submitted to arbitration, the arbitrators must consider, and by their award finally settle and dispose of, all such matters in difference; and this must appear in the award itself. * * * For instance, if the controversy and submission relate to the ownership of several distinct pieces of property, and the arbitrators, notwithstanding evidence is offered by the parties as to all of them, should, nevertheless, only pass upon and determine the question of title as to one or more of the pieces, without making any disposition of the controversy as to the others, the award in such case would be clearly void. * * * Where, however, the controversy relates, as in the present case, to gross money demands, whether in suit or not, or where, in any case, the circumstances are such that the arbitrators will be warranted in requiring the party who, upon the whole, appears to be in default, to pay the other a gross sum of money, it is not necessary nor is it the

better practice for the award to show upon its face just how the result was reached,—or, in other words, how each item of their respective demands was disposed of. It is sufficient if the award is responsive to, and is fairly embraced within, the submission. The awarding of a gross sum of money in such case will be presumed to be a complete adjustment of all matters of difference embraced in the submission, and this view is well sustained by authority.''

It will be noted that the submission agreement in the case at bar is a very general submission, and following the general rule of favorable construction which is now applied to arbitration proceedings, courts will not travel out of their way for the purpose of overturning awards; but, on the other hand, they will refrain from exact and technical interpretation, and will indulge in every reasonable presumption whenever there is any room for such indulgence, in favor of the finality and validity of an award. The invalidity of the award must be shown, by one asserting it, by clear and satisfactory evidence. (5 Corpus Juris 123.)

Where the submission is general and inclusive, as in this case, and relates only to money demands which are capable of computation, there is every reason why the award should be made in a lump sum rather than by separate items, and it has been held that if the arbitrators professing to decide the whole subject find a balance from one to the other, the award is good, although the principles from which their balance resulted are not stated. (*Stearns v. Cope, supra; Darst v. Collier,* 86 Ill. 96; 5 Corpus Juris 145.)

We are of the opinion that the court did not err in admitting plaintiff's exhibit 1. While it is well settled that where an award has once been made, the arbitrators are thereafter without power to alter the same or to make a new award, still we see no substantial objection to the arbitrators giving the parties

notice of what award was made even though the submission agreement would not require such notice to be given. Appellant seeks to have plaintiff's exhibit 1 construed as a modification of or an addition to the original award. No such interpretation can be given it. It shows on its face what its purpose was, and, more than that, the appellee testified that he actually delivered a copy thereof to appellant. If this be true, then the circumstance is indicative of the interpretation put upon the instrument by all the parties concerned. The object of appellee in introducing the exhibit in evidence was not to have it made a part of the original award but as tending to show that the Hammer matter was in fact considered and disposed of by the arbitrators. We think it was competent for that purpose. But even if it were incompetent, its admission worked no injury to the appellant. There is no evidence in the case offered by either party which tended to overcome the legal presumption that all questions which were submitted to the arbitrators had been considered and determined by them. Therefore the action of the court would have been the same whether plaintiff's exhibit 1 had been admitted or rejected by the court. We have examined the entire record and we find no error in the admission or exclusion of evidence.

Appellee contends that inasmuch as this cause was tried by the court without a jury and no propositions either of law or of fact were submitted to the court to be held or rejected, this court has no right to consider any question presented to us by appellant except with respect to the admission and exclusion of evidence. His contention is based to a large degree upon holdings of this court. In *Burgener v. Lippold*, 128 Ill. App. 590, we said: "No propositions of law were presented and no questions are, therefore, preserved for review by the record, except the question whether the court erred in rulings upon the admission of tes-

timony and whether the proof warranted a judgment.'' Since the filing of the opinion in that case, we have on numerous occasions cited it with approval. However, in *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.*, 300 Ill. 162, the Supreme Court of this State has declared the law to be that in cases which are appealed from the trial court to the Supreme Court or to the Appellate Court, such court may pass upon all questions of law and fact involved, notwithstanding no propositions of law or fact were submitted to the court to be held or refused. Hence it was proper in this case for us to consider and determine all of the questions herein discussed. For the reasons above expressed the judgment of the circuit court is affirmed.

*Affirmed.*