Samuel T. Cohen, Plaintiff-Appellee, v. Bernard Meyers, Louis Y. El Chonen, E. Meyer Finkel, Jacob D. Broide, Dr. Paul L. Fraiberg, Dr. Moshe Lev, Sara Meyers Weinschneider, Benjamin S. Oleinick, Ruth Epstein Belilos, Meyers Torah Foundation, Inc., and Manatee County Land Co., Defendants.
On Appeal of Jacob D. Broide, Dr. Paul L. Fraiberg, Dr. Moshe Lev, Benjamin S. Oleinick, Louis Y. El Chonen, Bernard Meyers and Meyers Torah Foundation, Inc., Certain Defendants-Appellants.

Gen. No. 53,741.

First District, Second Division.

September 30, 1969.

Rehearing denied October 23, 1969.

Isidore Goodman, of Chicago, for appellants.

Jacob Shamberg, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Samuel Cohen and Bernard Meyers went to Florida to find land for investment purposes. When they had found a suitable site, Meyers suggested that they bring in co-investors, and they telephoned Louis El Chonen and other interested parties, advising them that they could participate and could invite others. A particular site in Florida which El Chonen had suggested earlier was found unsuitable by Cohen and Meyers and they had taken the Manatee property instead.

Cohen testified that both he and Meyers had told all the parties contacted that there would be a 10 percent finder's fee and a 10 percent attorney's fee, contingent upon profits resulting from the transaction. The defendants who testified stated that the first they learned of the fees was when they read the trust agreement prepared by Cohen, who acted as the attorney for the investment group.

■

The following provision appeared in each of the certificates of beneficial interest:

"It is further understood and agreed however that SAMUEL T. COHEN, BERNARD MEYERS and LOUIS EL CHONEN shall jointly receive during the life of this Trust an amount equal to ten-percent (10%) of any and all profits, dividends, earnings, avails and income which shall be deducted from the pro-rata amount available for distribution to the beneficiary hereunder, executors, administrators and assigns of said Certificate of Beneficial Interest in said Certificate of Shares, for services rendered in finding the Manatee County, Florida acreage, being the principal asset of this corporation and for negotiations resulting in the purchase thereof, and for managing the affairs and business of said corporation."

Eight investors purchased 2,800 acres of Florida land at $85 an acre, and voting trust agreements were prepared by plaintiff Cohen naming himself and defendants Meyers and El Chonen as trustees. The agreements, dated March 1, 1957, were signed by the three trustees and one was signed by each beneficiary. The trusts were all stated to be for periods of twenty years and one month.

Problems apparently developed among the trustees. Cohen had made claim to a 10 percent attorney's fee and to one-half of the 10 percent finder's fee. When he met with resistance from all the investors on both these claims he attempted to obtain the entire 10 percent finder's fee for himself, excluding Meyers and El Chonen. He solicited the beneficiaries (other than Meyers and El Chonen) to enter into new agreements with him wherein they would agree to pay him 10 percent of the profits in full for his claims to finder's and attorney's fees, in consideration of which he would agree to

protect and hold them harmless against any claim by Meyers and El Chonen for their respective shares of the finder's fee. The agreement was submitted to the beneficiaries but was not executed by them. Plaintiff did not submit a copy to either Meyers or El Chonen because, as he stated, they "were the two against whom this document may have worked."

Plaintiff's original complaint of October 20, 1964, sought and obtained a decree adjudging that the voting trusts which he had prepared were void and of no force and effect, since they were contrary to the specific 10-year limitation of the relevant statute.

The cause was finally referred to a master in chancery as arbitrator and many hearings were had. The arbitrator made a written award allowing plaintiff 3⅓ percent on 45 percent of the profits of $1,638,986.93, and charged the same to the individual shareholders other than Meyers and El Chonen. The plaintiff was allowed nothing on his claim for attorney's fees and only 3⅓ percent on his claim to one-half of the 10 percent finder's fee. The arbitrator also denied the claim of Meyers and El Chonen against the plaintiff.

Defendants' objections to the award were overruled and the court entered the decree enforcing the award. It is from that decree that defendants appeal.

Among other things the arbitration agreement provides:

"All differences, controversies, claims, demands, complaints, counter-complaints and causes of action now pending or existing between any of the parties hereto, as set forth in the pleadings filed in said cause, and also all other disputes and differences that may hereafter arise between such parties relating to the subject matter of said litigation, are hereby referred for determination and award by said Master, who shall award, order, judge and de-

289

termine of and concerning the same, . . . . The award of said Master shall be final and binding upon each of the parties hereto and their respective heirs, executors, administrators, successors and assigns, and shall in all respects be well and faithfully kept and observed by each of the parties hereto.

". . .

"All parties waive any and all right to seek any review by any court of any final award by said Master or of any judgment or decree entered in conformity therewith."

On the basis of this agreement, the plaintiff here urges that the appeal should be dismissed because the parties contracted to waive review. The defendants argue that the arbitrator failed to decide many issues submitted to him for determination, and that in consequence he failed to conform to the stipulations in the arbitration agreement. One provision of the agreement had indicated that the decision was to be based on Illinois law, but the defendants here argue that the award was a compromise, not a decision according to law, and that the order of the court affirming the award should therefore be reversed. Plaintiff does not rest his entire argument on a request for dismissal, but also affirmatively argues that the decision of the arbitrator is correct and that the court order entering the award should be affirmed.

The defendants argue that plaintiff was guilty of many acts violative of his duty to the group and that he should therefore be denied any form of compensation. Defendants urge in particular that since plaintiff himself drew up the voting trust agreements which were subsequently declared void, all provisions of the agreement, including the one for a finder's fee, were voided. Defendants also argue that plaintiff violated his fiduciary duty as an attorney, as a trustee under the voting trust agreements, as a joint venturer, and as a director of

the corporation which had been formed to hold title to the land in issue. It is argued that the plaintiff should be denied any relief because he came into the proceeding with unclean hands, having claimed an attorney's fee of 10 percent of the profits and a half interest of another 10 percent of the profits as his share of the finder's fee, both purportedly asserted in bad faith. Defendants also argue that whatever right plaintiff may have had to share in the finder's fee was forfeited because of his conflict of interest, his withholding of his assessment shares on many occasions, and his effort to make separate deals with some of the beneficiaries in order to deprive Meyers and El Chonen of their shares of the finder's fees.

On a more technical level, the defendants suggest that the provision for a finder's fee stipulated that it be taken from profit during the life of the trusts, and that there were none, since the trusts were terminated on December 9, 1964, and the sale resulting in the profit did not take place until 1966. Thus, at the time of the profits there were no trusts, so no fee was payable.

As we have pointed out, before the case went to arbitration the parties had entered into an agreement stipulating the terms which were to control the arbitration process, and we have set out some of these terms. One was that there should be no right by any party to seek review "by any court of any final award by said Master or of any judgment or decree entered in conformity therewith." Now the defendants seek a review of the award, arguing that the arbitrator violated the spirit of the agreement, and that the award should therefore be set aside.

In 1961, Illinois adopted the Uniform Arbitration Act which specifies the grounds upon which awards will be vacated (Ill Rev Stats 1967, c 10, § 101). Section 112 of the statute provides the following:

"(a) Upon application of a party, the court shall vacate an award where:

"(1) The award was procured by corruption, fraud or other undue means;

"(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

"(3) The arbitrators exceeded their powers;

"(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5, as to prejudice substantially the rights of a party; or

"(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2. . . .

The defendants make no claim which would bring into issue any of these quoted paragraphs. It would seem that their argument is restricted to a claim that the arbitrator "exceeded" his authority by refusing to comply with the terms of the agreement. However, it appears that the primary ground for this assertion is that the arbitrator failed to include reasons for his award and summarily overruled objections to the award. In their reply brief the defendants call this court's attention to the fact that the arbitration agreement contained a provision that all differences and claims between the parties were referred to the Master who was to "award, order, adjudge and determine of and concerning the same, . . . ." Defendants then point out that the award makes no mention of their defense of unclean hands, of the contention that the invalidity of the voting trust agreements and the certificates of beneficial interest voided all the pro-

visions thereof, including the provision for finder's fees, nor of the assertion that plaintiff had violated his fiduciary duty. The defendants had also alleged that there was a conflict of interest and that there was no profit during the life of the trust on which a finder's fee could be based. Neither of these matters was directly referred to in the award. The defendants argue that the award did not substantially comply with the terms of the submission and should therefore be set aside.

The arbitrator did no more and no less than he was empowered to do. The terms of the submission did not impose a duty upon him to draft a detailed opinion so it cannot now fairly be held that he failed to fully explain his conclusions. We do not agree with defendants' contention that since the arbitrator made no direct reference in his award to matters specified by defendants those matters were not considered by the arbitrator. We feel, rather, that the arbitrator did consider the matters submitted to him and found the defendants' arguments frivolous or not of merit. It was his function to make such determinations, and it would seem to us that defendants now complain because they believed, as do all litigants, that they were entitled to the award, and are now attempting to avoid the bargain they had entered into since it has turned out to be a bad one from their point of view.

Courts of review do not sit to relieve parties from obligations into which they have freely entered, and we see no reason here to vacate the award. In Stearns v. Cope, 109 Ill 340, the court said at page 348:

> "Where, however, . . . the circumstances are such that the arbitrators will be warranted in requiring the party who, upon the whole, appears to be in default, to pay to the other a gross sum of money, it is not necessary, nor is it the better practice, for

the award to show upon its face just how the result was reached,—or, in other words, how each item of their respective demands was disposed of. It is sufficient if the award is responsive to, and is fairly embraced within, the submission. The awarding of a gross sum of money in such case will be presumed to be a complete adjustment of all matters of difference embraced in the submission, . . . ."

Nothing in the Uniform Arbitration Act calls for a different analysis, and the Stearns statement is relevant.

In White Star Mining Co. of Illinois v. Hultberg, 220 Ill 578, at page 602, 77 NE 327, the court quoted with approval from Sherfy v. Graham, 72 Ill 158, where it was said that arbitrators, "by the submission, become judges, by the choice of the parties, both of the law and the fact, and from their decision there is no appeal or review, of any decision made by them within the scope of their powers, unless it be for fraud, partiality or misconduct."

█ Although the current arbitration statute expands the grounds for which an award should be set aside, it does not alter the basic proposition that the award is correct and should stand unless it can be proved that there was some form of corruption or unfair practice employed in obtaining the award. An award need not be set out in technical language and in great detail in order to show how the conclusions are reached; the arbitrator needs only to announce his result. Podolsky v. Raskin, 294 Ill 443, 128 NE 534.

██ Applying these principles, it is our determination that the award in the instant case should be left undisturbed. This conclusion is made all the more compelling by the fact that the parties expressly contracted to waive review of the award. Such a provision should not be held meaningless but should restrict the purpose of review to find whether or not any improprieties existed in the procedure of the arbitration. We find that no such

condition existed in this case, and the judgment of the Circuit Court is affirmed.

In view of this finding it is not necessary to consider the plaintiff's motion to dismiss the appeal.

Judgment affirmed.

LYONS, P. J. and BURKE, J., concur.