FARMERS INSURANCE GROUP, Plaintiff-Appellant, *v.* MARION R. HARRIS, Admrx., Defendant-Appellee.

(No. 71-132; ▇▇▇▇▇▇▇▇

Third District—March 2, 1972.

John J. Lamont, of Aurora, for appellant.

Michael D. Block, of Joliet, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

On September 10, 1969, Clem Harris, an Illinois resident, and his two year old daughter, Annette, while temporarily in Arkansas, were pe-

destrians and were struck and killed by a vehicle driven by an uninsured motorist who was a resident of Arkansas.

On September 1, 1970, the administrator of the decedents' estates filed a Demand for Arbitration under an arbitration agreement contained in a standard automobile insurance policy issued to Clem Harris by appellant. The policy provided:

"To pay all sums determined to be payable as provided below, which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident, and arising out of the ownership, maintenance and use of such uninsured vehicle * * *".

In the same section it further provided under a subsection entitled Arbitration that,

"In the event the insured and the Company do not agree that the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle under this Part II or do not agree as to the amount of payment which may be owing hereunder, then upon written demand of either, the matter or matters upon which the insured and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The insured and the Company each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this part II."

On December 16, 1970 the Appellant Insurance Company filed a complaint for Declaratory Judgment praying that the Court enter an order declaring that the parties should submit issues of damages, burden of proof, and standard of care to the Arbitrator in accordance with the law of Illinois. (Arkansas follows the comparative negligence rule and has a death statute permitting consideration of a number of elements of damage not allowed in Illinois.) No issue of coverage was raised.

Appellant argued that the parties to the insurance contract have not agreed to arbitrate the construction of the contract language, and therefor such construction is a proper subject for declaratory relief; that since the demise of the principal of lex loci delecti in Illinois, (Ingersoll v. Klein (1970), 46 Ill.2d 42, the question of the law of which state should govern the arbitrator appears to be novel; that before Ingersoll, the arbitrator could have applied the law of Arkansas and would be following the law of Illinois; but that now the "most significant contacts" rule should apply. See 29 A.L.R.3d 606.

A motion to dismiss the complaint was heard and the trial judge entered an order granting the motion. This appeal is taken from that order,

the only issue being whether the trial judge erred in deciding as a matter of law that the complaint failed to state a cause of action.

In the Introductory Note to the Arbitration Act by Herbert B. Olfson, S.H.A. ch. 10 page 667 it is stated; "That   *   *   *   the growth of arbitration in the United States has been typically such that courts do not determine questions of law arising in any arbitration   *   *   *. This position is supported by the Uniform Arbitration Act, and it is noteworthy that the present Act does not contain provisions concerning submission by the arbitrators of a question of law for the opinion of a court   *   *   * such provisions were found in the prior Act which the present statute repeals."

In *White Star Mining Co. of Illinois v. Hultberg*, 220 Ill. 578, at page 602, the court quoted with approval from *Sherfy v. Graham*, 72 Ill. 158, where it was said that arbitrators "by the submission, became judges, by the choice of the parties, both of the law and the fact   *   *   *."

In *School Dist. No. 46 v. Del Bianco*, 68 Ill.App.2d 145, on page 146, the court said, "We believe it within the contemplation of section 8 of the Act (Ill. Rev. Stat. 1963, ch. 10, par. 108), unless the arbitration agreement provides otherwise, that the parties are presumed to agree that everything—both as to law and fact—necessary to a decision, is included within the authority of the arbitrators.

■■ Parties to a contract may agree that any and all disputes growing out of it in any way shall be submitted to arbitration, and where a controversy under such agreement is submitted to arbitration, or where a submission agreement is phrased in such terms, the arbitrators are empowered to make such award as will fully settle the controversy. In such a submission the law, facts, and rules of evidence are submitted unreservedly to the arbitrators. 5 Am.Jur.2d, Arbitration and Award, Sec. 29.

■■ There are many views as to what issues are arbitrable under arbitration provisions of uninsured motorists policies. See 29 A.L.R.3d 328. Illinois has taken the position that under such a standard arbitration agreement, only the issues of the liability of the other motorist, and the amount of damages resulting from the accident are subject to arbitration; issues relating to coverage under the policy or other matters *not relating to the issue of negligence and amount of damages* are for determination by the court. (See *Flood v. Country Mut. Ins. Co.*, 41 Ill.2d 91, 242 N.E.2d 149. *Liberty Mutual Fire Ins. Co. v. Loring*, 91 IllApp.2d 372, 235 N.E.2d 418.) "*   *   *   Unless there is some express restriction or reservation in the agreement of submission, this power includes the power to decide on all questions of law as well as of fact which, either directly or incidentally, arise in the consideration or decision of the matters embraced in the submission, for, in the absence of such reservation,

the parties are presumed to agree that everything, both as to law and fact, which is necessary to the ultimate decision, is included in the authority of the arbitrator * * *". 6 C.J.S., Arbitration and Award Sec. 48, p. 191.

■■■ It is well settled that a declaratory judgment should not be granted if to do so would entail a piecemeal litigation of the matters in controversy, nor unless the court can by such judgment dispose of the controversy between the parties. It is not the intent of the declaratory judgment statute to confer jurisdiction on the courts to be legal advisers.

■■■ Defendant has petitioned this court to allow reasonable attorneys' fees by reason of the Section 767 of the Insurance Code, Ill. Rev. Stat. ch. 73, par. 767. Ordinarily, attorneys fees will not be granted where the case presents a novel question. (*Leydon Premier Cab Co. v. Citizens Casualty Co. of New York*, 323 Ill.App. 436, 55 N.E.2d 829. *First Nat. Bank of Highland Park v. Boston Ins. Co.*, 17 Ill.App.2d 159, 149 N.E.2d 420. *Tarzian v. West Bend Mut. Fire Ins. Co.*, 74 Ill.App.2d 314, 221 N.E.2d 293.) This case is not so clear cut as to allow fees simply because the insurer is unsuccessful.

For reasons indicated the judgment of the trial court is affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.