THE WILCOX COMPANY, Plaintiff-Appellant, *v.* STELLA BOURAMAS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-883

Opinion filed June 21, 1979.

Hollowbow & Taslitz, of Chicago, for appellant.

Daniel Nagle, of Chicago, for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff has appealed from the trial court's refusal to vacate an arbitrator's award denying its claim for a broker's fee. On appeal it claims the arbitrator exceeded his powers in considering the question of dual agency and that it was denied an opportunity to present evidence on this issue. We find that the plaintiff's contentions are without merit and affirm.

The plaintiff and the defendant, Stella Bouramas, on July 1, 1975, entered into an agreement under which the plaintiff was to act as an exclusive agent to sell the defendants' property. The contract also provided that any controversy arising out of or relating to the contract would be settled by arbitration. On July 7, 1976, the plaintiff filed suit against both defendants alleging that Bouramas in entering into the agreement had acted both for herself and for Demos, that the plaintiff had, in September 1975, obtained a purchaser willing to accept the defendants' terms, but that the defendants rejected the contract executed by the purchaser and terminated the agency. The plaintiff claimed it was entitled to a commission of $18,000. Subsequently, however, the plaintiff decided it preferred to arbitrate its claim against Bouramas and filed a demand for arbitration which read in part as follows:

> "Named claimant, a party to an arbitration agreement contained in a written contract, dated July 1, 1975, providing for arbitration, hereby demands arbitration thereunder.
>
> (attach arbitration clause or quote hereunder)
>
> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator may be entered in any Court having jurisdiction thereof.
>
> NATURE OF DISPUTE:
>
> Claimants are realtors claiming Brokerage Commission arising out of the Contract referred to above. Claimants provided a person who is ready, willing and able to purchase Respondent's property under terms agreeable to Respondent. Respondent has refused to pay Brokerage Commission.
>
> CLAIM OR RELIEF SOUGHT: (amount, if any)
> $18,000.00."

On November 29, 1976, the arbitrator entered a written award which stated:

> "1. The claim of The Wilcox Company against Stella Bouramas is denied.
>
> 2. The administrative fee of the American Arbitration Association shall be borne as assessed.

3. This Award is in full settlement of all claims submitted to this arbitration."

On February 10, 1977, the plaintiff filed an unverified motion to vacate the award alleging in part that at the hearing held pursuant to the demand the evidence had concerned the issue whether the plaintiff had provided a purchaser who was ready, willing and able to purchase the property under terms agreeable to the defendant, but that the arbitrator, at a hearing on November 5, 1976, instructed the parties that while the arbitrator had found a valid contract and that the plaintiff had procured such a purchaser, he would deny the claim because the plaintiff had been acting as an agent for both the buyer and seller and had not disclosed this dual agency to the defendant. The plaintiff contended that the arbitrator therefore entered his award upon a matter not submitted to him, nor argued or briefed by the parties who submitted no evidence to the arbitrator on this issue. The plaintiff also complained that the arbitrator refused, despite its demand, to make written findings. There was, however, no requirement in the submission for written findings, and it is well settled that absent such a requirement in the arbitration agreement or submission the arbitrator needs only to announce his result. (*Cohen v. Meyers* (1969), 115 Ill. App. 2d 286, 253 N.E.2d 144; *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460; *Brown v. Atwood* (1922), 224 Ill. App. 77.) The plaintiff asked the trial court either to vacate the award and enter an award for the plaintiff for $18,000 or to modify the award and enter the award for the plaintiff for $18,000. No other relief was requested.

At the hearing before the trial court, no evidence or affidavits were presented. The only "evidence" before the court was the arguments of trial counsel. It appears from these arguments that the parties do not disagree that the arbitrator denied the claim because he found dual agency; they are in dispute, however, about whether the issue was brought up at the hearing. The plaintiff conceded that the contract drawn up by the purchaser was in evidence at the hearing and the trial judge indicated that since the arbitrator could read he could tell from the contract that the plaintiff acted as agent for the buyer. (The purchase contract is not part of the record on appeal.) Plaintiff complained that it could not prepare a case if the arbitrator was going to decide the case on something neither side thought of, but it conceded that it never asked for a rehearing to offer evidence on the issue. The trial court denied the motion to vacate without formal opinion, affirmed the award and dismissed the complaint against Bouramas and Demos. The plaintiff has appealed.

## I.

It must be noted first that the trial court could not have granted the relief prayed for by the plaintiff. Arbitration proceedings in Illinois and

their review are governed by the Uniform Arbitration Act which was adopted in 1961 and is found in chapter 10, par. 101 *et seq.* of the Illinois Revised Statutes. The plaintiff did not ask that the award be vacated and the issue either resubmitted to arbitration or set down for trial. It asked instead that the trial court (1) accept its unverified statement as to what the arbitrator's oral findings were although the statements were made *several weeks before the award was signed and were not in writing as required by Illinois law (Ill. Rev. Stat. 1975, ch. 10, par. 108(a)); (2) reject the award but accept one of the arbitrator's alleged findings as binding even though the award was not; and (3) enter a judgment allowing recovery without any trial on the merits even though the arbitrator refused to allow recovery. Obviously the trial court had no authority to do this. A court cannot modify an award where the modification will affect the substantive rights of the parties. (Ill. Rev. Stat. 1975, ch. 10, par. 113; 6 C. J. S. *Arbitration* §168 (1975).) Therefore, even if we assumed that the plaintiff proved that the arbitrator ruled that the plaintiff had procured a "ready, willing and able" purchaser, nevertheless the trial court had no authority to set aside the award and accept that single conclusion as binding and enter a judgment for the plaintiff based on that conclusion alone, without giving the defendant an opportunity to litigate any possible defenses.

## II.

However, we do not need to decide if the plaintiff's failure to request appropriate relief foreclosed it from seeking to vacate the award since we find that the court properly affirmed the award. The object of arbitration is to achieve a final disposition of differences in an easier, more expeditious and less expensive manner than by litigation. (*Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460.) For this reason, there can be no appeal or review of any decision made by an arbitrator within the scope of his powers, unless it be for fraud, partiality, misconduct, or failure to hear evidence as required by section 5 of the Act. *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460; Ill. Rev. Stat. 1975, ch. 10, par. 112.

The plaintiff contends that the arbitrator exceeded his powers by deciding an issue not submitted to him for decision. It is well settled that an arbitrator's authority is determined by the arbitration agreement or submission which serves not only to define but to circumscribe the authority of the arbitrator. (*Vasilakis v. Safeway Insurance Co.* (1977), 46 Ill. App. 3d 369, 361 N.E.2d 1; *Board of Education of Community Unit School District No. 4 v. Champaign Education Association* (1973), 15 Ill. App. 3d 335, 304 N.E.2d 138; 6 C. J. S. *Arbitration* §69 (1975).) If an arbitrator attempts to decide a question clearly not submitted to him, then

he exceeds his authority and the award may be vacated. Ill. Rev. Stat. 1975, ch. 10, par. 112.

■■ As the trial court pointed out, the plaintiff submitted to arbitration the question whether it was entitled to recover $18,000. The arbitrator ruled that it was not. Clearly this ruling was squarely within the scope of the question submitted.

The plaintiff, however, contends that only the narrow issue whether it had found a purchaser ready, willing and able to buy the property was submitted to arbitration. We disagree. First of all, even if we consider only that part of the submission entitled "Nature of Dispute"—that portion did not merely refer to the fact that the plaintiff had obtained a ready, willing and able purchaser but went on to state that the defendant had refused to pay and that plaintiff was seeking in the arbitration proceeding to recover $18,000. Clearly, the actual issue submitted was whether the plaintiff was entitled to recover that amount, and this, in turn, raised the question whether any defenses existed to the plaintiff's claim. If the arbitrator did not have the power to rule on the validity of any defenses, even if they were raised by the defendant, he could not have had the power to rule that the plaintiff was entitled to be awarded $18,000, the relief plaintiff sought.

■■■ Moreover, the parties had agreed to submit any and all disputes to arbitration. This agreement was set forth in the submission. It is well settled that parties to a contract may agree that any and all disputes growing out of it shall be submitted to arbitration, and where a controversy under such an agreement is submitted to arbitration or where a submission agreement is phrased in such terms, the arbitrator is empowered to make an award that will fully settle the controversy and in such a submission the law, facts, and rules of evidence are submitted unreservedly to the arbitrator. (*Farmers Insurance Group v. Harris* (1972), 4 Ill. App. 3d 372, 279 N.E.2d 789; *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.* (2d Cir. 1960), 274 F.2d 805, *cert. denied* (1960), 363 U.S. 843, 4 L. Ed. 2d 1727, 80 S. Ct. 1612; 5 Am. Jur. 2d *Arbitration and Award* §29 (1962).) Furthermore, it is presumed that the parties to an arbitration proceeding intended that all matters in dispute be decided (*Straus v. North Hollywood Hospital, Inc.* (1957), 150 Cal. App. 2d 306, 309 P.2d 541), and in the absence of an express reservation, the parties are presumed to agree that everything, both as to law and fact, which is necessary to the ultimate decision, is included in the authority of the arbitrator. (*Farmers Insurance Group v. Harris* (1972), 4 Ill. App. 3d 372, 279 N.E.2d 789; 6 C. J. S. *Arbitration* §§ 25, 69 (1975).) Also, it is presumed that the arbitrator did not exceed his authority. (*Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460.) Finally, it must be remembered that faulty reasoning, even if disclosed, does not vitiate an award. (*Harris v. Havenar*

(1959), 169 Cal. App. 2d 531, 337 P.2d 832.) Accordingly, even if the parties did not expect the arbitrator to consider the question of dual agency and did not present evidence as to that issue or argue it; and even if the evidence did not support that finding, the arbitrator, at most, simply made a mistake in relying on that fact, and an award may not be set aside for a mistake of fact or law. (*Ramonas v. Kerelis* (1968), 102 Ill. App. 2d 262, 243 N.E.2d 711; *Del Bianco Associates, Inc. v. Adam* (1972), 6 Ill. App. 3d 286, 285 N.E.2d 480, *appeal denied* (1972), 52 Ill. 2d 597, *cert. denied* (1973), 410 U.S. 955, 35 L. Ed. 2d 688, 93 S. Ct. 1421.) In short, the agreement submitted the issue whether the plaintiff was entitled to recover $18,000 to arbitration; that was all the arbitrator's decision resolved even if he did consider the issue of dual agency. The arbitrator did not exceed his powers.

### III.

■■ The plaintiff on appeal also contends that the arbitrator violated section 5 of the Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 105), which provides:

> "(b) The parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing."

in that it was denied an opportunity to present evidence on the issue of dual agency. Plaintiff also contends that this denial deprived it of due process. It does not appear that these contentions were raised below; accordingly, they cannot be raised for the first time on appeal. *D. Nelsen & Sons, Inc. v. General American Development Corp.* (1977), 51 Ill. App. 3d 62, 366 N.E.2d 381; *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460; 2 Ill. L. & Prac. *Appeal and Error* §181 (1953).

■■ Furthermore, the plaintiff in the trial court conceded that on November 5, when the arbitrator announced his intentions, it did not ask for the hearing to be reopened so it could present evidence on the question of dual agency. Below, the plaintiff excused its failure on the basis that the American Arbitration Association rules under which the proceeding was held did not provide for rehearings. Since the rules were not submitted into evidence we cannot know whether this is true or not. But it is immaterial. Under Illinois law, the award must be in writing. (Ill. Rev. Stat. 1975, ch. 10, par. 108(a).) The written award was not made until November 29, 1976. Until that time, the arbitrator retained jurisdiction and had the power to reopen the case for further testimony. (6 C. J. S. *Arbitration* §94 (1975).) The plaintiff cannot be allowed to sit idly by not seeking to present evidence and then complain that it was denied an opportunity to do so. *Acme Lumber Co. v. Ruby* (1927), 237 Mich. 314, 211 N.W. 631.

Additionally, the party who asserts that an arbitration award is invalid

has the burden of proving such contention (*Brown v. Atwood* (1922), 224 Ill. App. 77; *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 263 N.E.2d 460), by clear, strong and convincing evidence. (*Brown v. Atwood* (1922), 224 Ill. App. 77; 6 C. J. S. *Arbitration* §178 (1975).) All reasonable presumptions are indulged in favor of an arbitration award. (*Sweet v. Steve's Cartage Co.* (1977), 51 Ill. App. 3d 913, 365 N.E.2d 1110.) Yet the plaintiff introduced no evidence of any kind, by way of affidavit or by oral testimony to support its claims that the award should be set aside.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.