HIMCO SYSTEMS, INC., Plaintiff-Appellant and Cross-Appellee, *v.* MARQUETTE ELECTRONICS, INC., Defendant-Appellee and Cross-Appellant.

First District (3rd Division)   No. 79-111

Opinion filed June 30, 1980.

Edward T. Joyce, Ltd., of Chicago (Edward T. Joyce, Mary Anne Spellman, and Steven J. Rotunno, of counsel), for appellant.

Kenneth H. Richman and Robert M. Tarnoff, both of Prince, Schoenberg, Fisher & Newman, Ltd., of Chicago, for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Himco Systems, Inc., brought an action for declaratory relief and damages resulting from the alleged breach and wrongful termination of an exclusive distributorship agreement by defendant Marquette Electronics, Inc. (Marquette). In this action and in an emergency motion filed the next day, Himco also sought a stay of arbitration proceedings which had been demanded by Marquette. The trial court denied Himco's motion for a stay. The matter proceeded to arbitration, and the arbitrator awarded $8,173.55 to Marquette.

Himco then filed a second complaint seeking to vacate the arbitration award. Pursuant to Marquette's motions, the second complaint was dismissed, and the arbitration award was confirmed. At a later date, the first complaint was dismissed with prejudice. The trial court denied Marquette's motion for attorney's fees under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 41); this ruling is the subject of a cross-appeal by Marquette. We affirm the dismissal of both complaints and the denial of the section 41 motion.

On June 20, 1977, Himco filed a complaint which alleged that it had executed an exclusive distributorship agreement with Marquette pursuant to which Himco, as Marquette's exclusive distributor in Eastern Canada, was to sell and service Marquette's products for a term of two years. The agreement was to be renewable for a term of two years. According to the complaint, Marquette cancelled a contract with Laval Hospital which was negotiated by Himco and accepted by Marquette, thereby causing Himco to lose commissions. Slightly more than a year after the

distributorship agreement was executed, Marquette notified Himco of its intention to terminate the agreement. As a result of Marquette's cancellation of the Laval Hospital contract and Marquette's allegedly wrongful termination of the agreement, Himco claimed damages for unpaid commissions from the Laval Hospital contract, damage to its trade reputation, loss of specific sales and customers, loss of profits comprised of the lost commissions for the second year of the agreement and the two-year renewal period, and expenses incurred during the first year of the contract in developing a market for future sales.

In the same complaint, Himco also requested a stay of arbitration pursuant to section 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 102). Himco had received a demand for arbitration from Marquette. The distributorship agreement contained the following arbitration clause:

> "Any and all disputes arising from or in connection with this Agreement or a transaction conducted under this Agreement, shall be settled by mutual consultation between the parties in good faith as promptly as possible, but failing an amiable settlement, shall be settled in accordance with the rules of the American Arbitration Association. The award of the arbitration shall be final and binding upon the parties."

Himco alleged that some or all of the claims were outside the scope of the arbitration clause. It also alleged that the arbitrability of the issues was in substantial and *bona fide* dispute.

On June 21, 1977, Himco filed an emergency motion to stay the arbitration proceedings based on the same grounds that were stated in its complaint. The trial court denied Himco's motion.

The arbitration proceeded as scheduled on August 25, 1977. Marquette claimed that it had credited Himco with a partial commission for the Laval order. When the transaction could not be completed, Marquette debited Himco for the partial commission, but that amount was never repaid. In addition to recovery of the partial commission, Marquette also sought to recover for products sold to Himco for resale and for which it had never been paid. In the arbitration proceeding, Himco counterclaimed for the same damages it had requested in the first complaint. The arbitrator awarded $8,173.55 to Marquette on its claim and denied Himco's counterclaim.

On February 21, 1978, Himco filed a second complaint seeking to vacate the arbitration award pursuant to sections 12(a)(3) and 12(a)(5) of the Uniform Arbitration Act. (Ill. Rev. Stat. 1977, ch. 10, pars. 112(a)(3), (5).) Himco alleged that there was no agreement to arbitrate because Marquette was not a party to the distributorship agreement which contained the arbitration clause. According to the second complaint,

Himco had signed a distributorship agreement with Marquette International Corporation (International), a wholly owned subsidiary of Marquette Electronics, Inc. Himco also alleged that the arbitrator exceeded his powers in entering the award.

The trial court dismissed the second complaint and confirmed the arbitration award. At a later date, the first complaint was dismissed with prejudice.

Himco first argues that the trial court erred in dismissing its application to vacate the award. Section 12 of the Uniform Arbitration Act sets forth the grounds on which an award may be vacated. (Ill. Rev. Stat. 1977, ch. 10, par. 112.) One of the bases on which Himco relied was section 12(a)(5) of the Act which provides:

"(a) Upon application of a party, the court shall vacate an award where:

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by the circuit court is not ground for vacating or refusing to confirm the award."

Marquette contends that Himco failed to satisfy the requirements for vacating an award under section 12. One requirement for vacating an award under section 12(a)(5) is that the party must not have participated in the arbitration hearing without raising the objection that there was no arbitration agreement. The first complaint and the emergency motion were filed prior to the arbitration proceeding. Nothing in either pleading can be construed as raising the objection. Both contain numerous allegations relating to an agreement between Himco and Marquette. Only one allegation in the emergency motion even mentions an agreement between Himco and International. However, Himco argues that it satisfied this requirement because the contract attached to the first complaint and the emergency motion stated that the agreement was between Himco and International. We do not believe that this sufficiently raised the objection that there was no agreement to arbitrate between Himco and Marquette.

Himco contends that it raised the objection a second time when counsel for Himco advised the arbitrator that Himco was not voluntarily proceeding with the arbitration. Himco did allege in the second complaint that it had "made it known throughout the arbitration hearing that it sought to stay this arbitration." However, there is no allegation that the lack of an agreement to arbitrate between Himco and Marquette was the basis for Himco's reluctance to proceed. Himco also points to an affidavit filed by its attorney in which the attorney stated that he informed

the arbitrator and counsel for Marquette that Himco was not proceeding with the arbitration on a voluntary basis, but was only proceeding because the trial court did not enjoin the arbitration. Again, this statement does not specifically raise the objection that there was no agreement to arbitrate between Himco and Marquette.

Himco participated in the hearing without raising the objection. Therefore, Himco failed to satisfy the requirements for vacating an award under section 12(a)(5). *Cf. Ramonas v. Kerelis* (1968), 102 Ill. App. 2d 262, 273, 243 N.E.2d 711, 717 (defendant who asserted that he was not a party to the contract which contained the arbitration clause should have raised the issue in the arbitration proceeding).

■■ The second ground on which Himco relied to vacate the award was section 12(a)(3), which provides that the court shall vacate an award where "the aribtrators exceeded their powers." (Ill. Rev. Stat. 1977, ch. 10, par. 112(a)(3).) An arbitrator exceeds his powers when he decides matters which were not submitted to him. (*Board of Trustees v. Cook County College Teachers Union* (1979), 74 Ill. 2d 412, 419, 386 N.E.2d 47, 50; *Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1050-51, 392 N.E.2d 198, 202.) The scope of an arbitrator's power is governed by the agreement between the parties submitting the matter to arbitration. *Wilcox*, 73 Ill. App. 3d 1046, 1050, 392 N.E.2d 198, 201; *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 1048, 363 N.E.2d 460, 464; *Board of Education v. Champaign Education Association* (1973), 15 Ill. App. 3d 335, 340, 304 N.E.2d 138, 142.

In the instant case, the parties agreed to arbitrate "any and all disputes arising from or in connection with this Agreement or a transaction conducted under this Agreement." Himco argues that the only dispute that is arbitrable is one that arises from or in connection with the sale and servicing of the products covered by the agreement. Himco contends that its claims for loss of trade reputation and credibility in the marketplace, loss of future profits, and loss of startup expenses do not arise from the sale or servicing of those products. Thus, Himco argues, they are beyond the scope of the arbitration agreement.

■■■ Parties to a contract may agree that all disputes growing out of the contract shall be submitted to arbitration, and where a controversy under it is submitted to arbitration, the arbitrator may make an award that will fully settle the controversy. (*Wilcox*, 73 Ill. App. 3d 1046, 1051, 392 N.E.2d 198, 202.) The claims which Himco alleges are outside the scope of the arbitration clause relate to damages resulting from an alleged breach and/or termination of the agreement. All of these issues were raised by way of counterclaim in the arbitration proceedings, and relief on the counterclaim was denied. We believe that such controversies are within the scope of the arbitration agreement. These claims clearly arise

from or in connection with the agreement; the arbitrator was empowered to decide these issues if he had determined that relief on the counterclaim was warranted. Thus, the trial court correctly refused to vacate the award under section 12(a)(3).

Accordingly, the trial court properly dismissed the complaint seeking to vacate the arbitration award and properly confirmed the arbitration award. Since all of the issues raised in the first complaint were within the scope of the arbitrator's power and decided by the arbitrator, the trial court also properly dismissed the first complaint.

In its cross-appeal, Marquette contends that the trial court erred in denying its motion for attorney's fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 41). Section 41 provides that allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to be taxed a reasonable attorney's fee. Marquette argues that Himco's pleadings, taken as a whole, warrant the imposition of fees under section 41.

Since section 41 is penal in nature, it should only be invoked when the case falls strictly within its terms. (*Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185, 196; *Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 960, 376 N.E.2d 621, 626.) The party seeking section 41 relief has the burden of showing that the allegations were untrue and made without reasonable cause. (See *Johnson*, 73 Ill. 2d 342, 366, 383 N.E.2d 185, 196; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 979, 370 N.E.2d 119, 123.) Attorneys are presumed to have due regard for their responsibility as officers of the court, and they are allowed to exercise broad discretion based upon an honest judgment from the facts presented to them. *Johnson*, 73 Ill. 2d 342, 366, 383 N.E.2d 185, 196; *Williams*, 54 Ill. App. 3d 974, 979, 370 N.E.2d 119, 123.

The denial of a section 41 motion is within the discretion of the trial court and, absent a showing of abuse, the court's determination will not be disturbed on review. (*Farwell*, 59 Ill. App. 3d 954, 960, 376 N.E.2d 621, 626; *Williams*, 54 Ill. App. 3d 974, 979, 370 N.E.2d 119, 123.) From our review of the record and the allegations pointed to by Marquette, we cannot say that the trial court abused its discretion. Marquette has not sufficiently shown that Himco's allegations were untrue and made without reasonable cause. Therefore, the trial court properly denied Marquette's motion for attorney's fees.

Accordingly, the orders dismissing Himco's two complaints are affirmed. The order denying Marquette's motion for attorney's fees is also affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.