DOROTHY MEHARRY, Ex'r of the Estate of John F. Meharry,
Plaintiff-Appellee, *v.* MIDWESTERN GAS TRANSMISSION COMPANY,
Defendant-Appellant.

Fourth District    No. 17298

Opinion filed December 30, 1981.

Charles C. Hall, of Young, Welsch, Young & Hall, of Danville, for appellant.

Paul H. Vallandigham and Winkelmann & Winkelmann, both of Urbana, for appellee.

JUSTICE MILLS delivered the opinion of the court:

Arbitration is intended to be a swift and speedy method to resolve disputes.

But this case involved *two* arbitrations, *two* trips to the circuit court, and took 8 years and 7 months from the date of injury to the final judgment below! Although the wheels of justice admittedly grind exceedingly fine, this inexorable delay is a sad commentary.

However—we affirm.

On October 20, 1977, plaintiff filed a complaint seeking damages for

lost crops based on a right-of-way agreement entered into on May 21, 1959. The defendant (Company) moved to dismiss the complaint, alleging that its liability under the right-of-way agreement was restricted to crop damage and did not include damage to machinery, and that the dispute over damage to crops was subject to arbitration. Plaintiff filed objections to this motion to dismiss and, eventually, an application for stay of court action and for an order compelling arbitration. After some delay, the court proceedings were stayed and an order compelling arbitration was granted.

An arbitration hearing was finally held on July 16, 1980. At that hearing, evidence was presented that, subsequent to the Company's installation of a gas pipeline across the plaintiff's land, rocks began to appear on the surface of the land over the pipeline, although there had been no such problem with rocks prior to installation. The Company did not dispute this evidence.

Evidence presented at the hearing further showed that on October 20, 1972, at about dusk, while operating in a field of beans over the Company's pipeline, the plaintiff's combine was damaged by a rock. At the time of this mishap, there were approximately 20 acres of beans left to be combined. Testimony indicated that four of the 8 to 12 hours it would have taken to finish the harvest could have been completed that evening.

A mechanic was called to repair the combine, but the necessary parts were not available locally and the combine was not restored to working order for three days. The plaintiff attempted to locate a substitute combine but was unsuccessful. Due to wet conditions, the plaintiff was unable to harvest the remaining 20 acres of beans until January 1973. The yield in January was half of what it would have been in October.

The Company presented evidence of rainfall in Sidell, Illinois—a town about 12 to 14 miles from the Meharry farm: .03 inch on October 21, 1972; .38 inch on October 22; and .68 inch on October 23. The Company's witness admitted that the rainfall on the Meharry farm could have been different from that in Sidell, and that the rain on October 22 and 23 might have been sufficient to keep the plaintiff out of the field for a couple of days.

The arbitrators found liability on the part of the Company and awarded the plaintiff $4,879.27. This figure represented $3,470 for lost crops, $124.84 for repairing the combine, and 6% interest on the award from the date of the injury. The $3,470 award for lost crops was arrived at by multiplying 440 bushels by $8.50 per bushel. These figures represent, respectively, the amount of the decrease in plaintiff's yield and the average price of beans from January 1973 to June 1973.

The Company filed a motion to vacate and set aside the award, stating as the ground therefor that the arbitrators' finding of liability was

erroneously based on an inadmissible offer of settlement. The Company also objected to the method used to compute the value of lost crops and to the award of prejudgment interest. No objection was made to the award of damages for the combine.

The court found that the arbitrators had made a "gross mistake of fact" in premising the Company's liability on its offer of settlement. The court also found that the arbitrators had exceeded their authority in awarding prejudgment interest. The court remanded the case to the arbitrators without further disturbing the award. The arbitrators were to state facts to support any further award they might make.

The arbitrators again found for the plaintiff. The damage award was the same, less prejudgment interest. The trial court confirmed this award over the Company's objection that the arbitrators had not stated facts to support their conclusion and that the "form and substance of the revised award showed that the arbitrators merely repeated the mistakes they originally made and made no effort to reevaluate the case based on the record."

The Company appeals, alleging numerous errors. We affirm.

## I

The Company first asserts that there are no facts in the record to sustain the award. The parties seem to agree that the 1959 agreement binds them to arbitrate disputed damages to crops, fences, and timber resulting from the construction, maintenance, and operation of the Company's pipeline. It is elementary that the object of arbitration is to avoid the formalities, delays, and expenses of litigation and that judicial review of an arbitrator's decision is limited. (*Seither & Cherry Co. v. Illinois Bank Building Corp.* (1981), 95 Ill. App. 3d 191, 419 N.E.2d 940.) In accord is a long line of supreme court cases beginning with *Merritt v. Merritt* (1850), 11 Ill. 565, and continuing through *Root v. Renwick* (1854), 15 Ill. 461, *Sherfy v. Graham* (1874), 72 Ill. 158, *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327, *Podolsky v. Raskin* (1920), 294 Ill. 443, 128 N.E. 534, and *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181.

As the facts set forth above adequately support an award to the plaintiff, we need not reach the issue of the limits of our ability to disturb an arbitrator's award.

## II

■■ It is usually held that the law requires only that an arbitrator announce his award, not that he state detailed reasons therefor. (*Podolsky; Cohen v. Meyers* (1969), 115 Ill. App. 2d 286, 253 N.E.2d 144.) However, the "agreement of the parties fixes the conditions, limitations and restric-

tions to be observed by the arbitrator in making his award * * *." (*Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 1048, 363 N.E.2d 460, 464.) Thus, what the law does not require, the parties by their agreement may. The parties are in accord that the arbitrators were required to give a statement of facts. The Company's second argument is that this duty was not fulfilled.

Construing the award to resolve doubts in favor of a finding of validity (*Garver*), it appears that the arbitrators did do all that was required of them. The award shows that they considered the facts and found that: (1) plaintiff's combine picked up a rock and was damaged; (2) the laying of the pipeline caused the rock to come to the surface; (3) the plaintiff was delayed in harvesting; (4) yields dropped; (5) the amount of the drop was 440 bushels; and (6) the value per bushel was $8.50. These findings—although not set forth in exhausting detail—adequately support a conclusion that the Company was liable, and we find no error.

## III

The Company's next contention is that the arbitrators' award contains an error of law apparent on its face and that reversal is mandated. While the Company's statement of the law is correct, we cannot agree that reversal is required in this case. The Company's argument is that the award shows that the arbitrators used the average price of beans from January to June 1973 in calculating damages. This is said to be an error of law and to be apparent on the face of the award.

■■ Without expressing any opinion as to the propriety of the measure of damages, we decline to disturb the award. The older cases which state this exception to the rule of limited review of arbitration awards indicate that what was meant by error on the face of an award was an incorrect statement of the law coupled with a manifestation to be bound by the law as stated. (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327 (indicating that it is mistake, not mere error in judgment, which constitutes grounds for vacating an arbitrator's award); *Podolsky v. Raskin* (1920), 294 Ill. 443, 128 N.E. 534 (also adopting the "mistaken" terminology); *Sherfy v. Graham* (1874), 72 Ill. 158 (speaking of "reforming" an award because of a mistake).) *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181, the recent supreme court pronouncement on the subject, reaffirms these old cases. As there is no mistake apparent here, we will not disturb the award.

## IV

■■ As to the next issue, the Company argues that the agreement to arbitrate does not include injury to a combine and that the arbitrators exceeded their authority in awarding such damages. The plaintiff argues,

first, that the Company has waived the issue by failing to raise it below and, in the alternative, that a damage release executed by the Company modified and enlarged its liability under the original agreement. Because we find that the Company has waived any error, we need not reach the modification issue. This court held in *Board of Education v. Champaign Education Association* (1973), 15 Ill. App. 3d 335, 342, 304 N.E.2d 138, 143 (CEA), that "a timely objection to arbitrability preserves the right to challenge the award after participating in the arbitration proceedings." However, the Company's action here was insufficient to preserve the arbitration issue.

The Company did file a motion to dismiss the original Meharry complaint, contending that its liability, if any, was limited to damage to crops, fences, and timber—not to combines. However, no hearing was ever held on this motion and unlike the school district in *CEA*, the Company did not object at the outset and continue its objection throughout the arbitration proceedings. Nor did the Company raise the issue in either its motion to vacate the original award or the revised award. See *Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 392 N.E.2d 198, holding that failure to object in the trial court to denial of an opportunity to present evidence at the arbitration hearing waived the issue on appeal.

## V

■■ The Company cites no case law in support of its final argument— that the trial court should not have remanded to the same panel of arbitrators—and we are aware of none. Nor does the arbitration statute in effect when the parties entered into their agreement (Ill. Rev. Stat. 1959, ch. 10, pars. 1-12) provide any guidance in this matter. However, section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 112) does outline a procedure for resubmission of the case to arbitration after the original decision has been vacated. It provides:

> "In vacating the award on grounds other than stated in clause (5) of subsection (a) [no arbitration agreement] the court may order a rehearing before new arbitrators chosen as provided in Section 3, or if the award is vacated on grounds set forth in clauses (3) [the arbitrators exceeded their powers] and (4) [the arbitrators refused to hear evidence] of subsection (a) the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with Section 3." Ill. Rev. Stat. 1979, ch. 10, par. 112(5)(c).

While the Uniform Act is not a part of the agreement in this case, *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181, indicates that as it relates to a court's power to vacate an arbitration award, the Act is

consistent with prior law. In the absence of authority, we will rely on section 12.

The original award was vacated because the trial judge found that the arbitrators had made a gross mistake of fact and had exceeded their powers. Even assuming that vacating the original award was proper (plaintiff does not contend otherwise), the grounds stated do not constitute fraud, corruption, partiality or undue means and section 12(c) does not require appointment of a new panel of arbitrators. The trial judge was thus acting within her authority in resubmitting the case to the same panel of arbitrators, and we will not intervene.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.