SOCCER FOR FUN, INC., Plaintiff-Appellant, v. JOHN ALLAN MEEHAN, Defendant-Appellee.

Fifth District   No. 5—83—0662

Opinion filed November 27, 1984.

Edward C. Fitzhenry, Jr., of Lueders, Robertson & Konzen, of Granite City, for appellant.

Robert W. Cadagin, of Cadagin, Cain & Tognarelli, of Collinsville, for appellee.

JUSTICE JONES delivered the opinion of the court:

This appeal presents the issue of whether the submission language in an employment contract between the plaintiff and the defendant herein required the arbitrator to make written findings of law and fact in support of the award.

An arbitrator awarded John Allan Meehan, the defendant, $5,200, to be paid by the plaintiff, Soccer For Fun, Inc., in full settlement of all claims submitted to arbitration. In making the award, the arbitrator expressed no findings of fact or law in writing. The plaintiff subsequently brought this suit to have the award vacated and a rehearing ordered on the grounds that the arbitrator had exceeded his power in making the award when he failed to make findings of law and fact as allegedly required by the employment contract. The pertinent paragraph in the employment contract provides as follows:

"Any controversy or claim arising out of or relating to this contract shall be settled by arbitration before one arbitrtaor

[*sic*] in accordance with the rules then obtaining in every other respect of the American Arbitration Association in the City of Granite City, Illinois. The arbitrtaor [*sic*] shall be chosen by lot, each party submitting the names of three arbitrttors [*sic*]. The awrad [*sic*] of the arbitrator shall be rendered upon testimony and other evidence taken according to the rules, and shall be conclusive and binding upon the parties, and judgment thereon may thereafter be entered in any court having jurisdiction. *The award shall be in writing and supported by the findings of the arbitrtor [sic] as to law and facts.*" (Emphasis added.)

In rendering judgment in favor of the defendant the trial court, upon the defendant's motion to dismiss, found:

"The Court having reviewed the case law submitted and the Employment contract finds that the contract did not specify that the award[,] which had to be in writing, should also contain findings as to law and facts. The only requirement was that the arbitrator's award be supported by the findings. As the cases show, it is well settled that absent a requirement in the arbitration agreement, the arbitrator need only to announce his result."

This appeal followed.

The trial court correctly stated the well-established rule that, absent a requirement in the arbitration agreement or submission for written findings, the arbitrator need only announce his result (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 392 N.E.2d 198). However, what the law does not require, the parties by their agreement may (*Meharry v. Midwestern Gas Transmission Co.* (1981), 103 Ill. App. 3d 144, 430 N.E.2d 1138), and thus, may require the arbitrator to make written findings of fact or law. In support of its contention that the parties have required the arbitrator to do so in the case at bar, the plaintiff argues that "in order for the submission language contained in the Employment contract to be given its most reasonable and practical effect, the findings as to the law and the facts are required to be in written form." We must disagree. Although the language in question calls for the award to be in writing, it does not require that findings of fact or law be expressed, whether in writing or orally. The language requires only that any such findings of fact or law as are expressed support the award. The plaintiff advances no claim that it suffered any prejudice as a result of the arbitrator's failure to provide written findings of law or fact. If a transcript of the arbitration hearing was made, it has not been made a part of the record on appeal. The plaintiff makes no suggestion that

the record does not support the award or that the arbitrator made oral findings of fact or law on the record that do not support the award.

The plaintiff's argument that the contract required written findings of fact or law is unavailing. Our disposition of this issue renders it unnecessary for us to consider the other issues presented for review concerning the trial court's failure to vacate the award and order rehearing before the same or a different arbitrator.

Affirmed.

WELCH, P.J., and KASSERMAN, J., concur.