BRAUN/SKIBA, LTD., Plaintiff-Appellee, v. ORCHARD PARTNERSHIP, Defendant-Appellant.

First District (4th Division)   No. 87—3196

Opinion filed December 15, 1988.

Arthur E. Berlin and Louise S. Greenfield, both of Berlin, Braude & Wren, of Chicago, for appellant.

Mark C. Friedlander and Kenneth Smith, both of Neal, Gerber, Eisenberg & Lurie, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County confirming an arbitration award to plaintiff, Braun/Skiba, Ltd., an Illinois corporation. Judgment was entered for plaintiff in the amount of $76,089.32, which included prejudgment interest, and against defendant, Orchard Partnership. The sole issue presented for review is whether the arbitration award should be vacated because the arbitrators unfairly interpreted the agreement entered into by the parties.

We affirm.

On October 1, 1984, the parties entered into an agreement under which plaintiff was to provide architectural services to defendant for the design of an office building located in Skokie, Illinois. The agreement provided that plaintiff's compensation was to be 6% of construction costs, less a $67,500 credit.

The credit was allowed because the design plans that defendant was to follow had already been drafted and used by one of plaintiff's previous clients. Plaintiff had been paid $67,500 by that client. Ac-

cording to plaintiff, the credit was meant to account for design work that would not have to be done for defendant.

The parties' agreement with respect to the credit provided:

"The compensation for architectural services previously paid under Commission Number 8136 in amount of Sixty Seven Thousand Five Hundred Dollars ($67,500.00) shall be credited to the total compensation due at completion of the Bidding or Negotiation Phase as applicable to the Schematic Design Phase, Design Development Phase and Construction Documents Phase."

The record reveals that on December 1, 1984, plaintiff sent defendant an invoice showing a credit of $53,100, a $14,400 reduction from the original $67,500 credit. The amount due from the invoice was $25,020. One of defendant's principal partners, an accountant and primarily responsible for paying defendant's bills, paid $20,000 of the outstanding amount without question.

Plaintiff's second invoice was sent January 1, 1985, showing a credit reduction from the previous invoice of $16,797; defendant paid $26,500. The third invoice was sent February 1, 1985, reducing the credit to $25,193. A fourth invoice was sent March 1, 1985, which did not reflect a change in the credit from the previous month. On April 1, 1985, an invoice for the unpaid balance was sent. Between April 1, 1985, and May 1, 1985, defendant paid the entire balance which showed that the credit had been reduced to $25,193. The invoice sent May 1, 1985, showed a further reduction, leaving a remaining credit of $7,029.

Plaintiff testified at the April 28, 1986, hearing that the credit was reduced to compensate for the revisions, requested by the defendant, in the initial plan. These revisions were extensive. New evaluation costs were required and outside consultants had to be hired, among other things.

According to testimony given at the arbitration hearings, defendant did not complain of the reductions in credit until the termination of the relationship between the parties. Plaintiff maintained that the additional requested revisions used up most of the $67,500 credit, leaving a remaining credit of $7,029. Defendant argued that the credit was $67,500 despite the requested changes.

On July 10, 1985, plaintiff filed a demand for arbitration alleging breach of contract based on defendant's termination of plaintiff without just cause. Plaintiff asked for a total of $90,171.74 in compensatory damages. This total consisted of compensation due for past services, reimbursable expenses, termination expenses and lost profits,

less the $7,029 credit.

Hearings were held before three arbitrators. Both parties were questioned about their understanding of the agreement in general. The credit provision of the agreement and each party's understanding of it was discussed in detail. The parties were also examined about the amounts reflected on the invoices, payments made to plaintiff, defendant's requested revisions, and the costs incurred as a result of these revisions.

On June 26, 1986, the arbitrators issued an award against the defendant in the amount of $71,600. There were no findings of fact or law contained in the award. Defendant then requested a clarification of the award to determine its basis. The request was denied. Plaintiff filed an application to confirm the award and defendant filed an application to vacate the award. These actions were consolidated. The parties then filed cross-motions for summary judgment. The trial court confirmed plaintiff's award, including $4,489.32 in prejudgment interest.

Defendant appeals on the basis that the award is not consistent with a fair interpretation of the agreement upon which it was based. We do not agree.

■ Defendant first contends that the award should be vacated because of gross error of judgment or mistake in law by the arbitrators. Arbitrations and awards are governed by the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101 *et seq.*) (hereinafter the Act). An award may not be set aside based on mistake of law or fact by the arbitrators. *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 7; *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 602.

Gross errors of judgment in law or mistake of fact may, however, be used to vacate an award where such mistakes are on the face of the award. (*Garver,* 76 Ill. 2d at 10-11; *White Star Mining Co.,* 220 Ill. at 602.) Since the award did not contain findings of fact, all controverted facts and issues must be presumed as having been resolved in favor of the prevailing party. *Ronwin v. Piper, Jaffray & Hopwood, Inc.* (1983), 113 Ill. App. 3d 687, 691; *Wood v. Price* (1868), 46 Ill. 435, 438-39.

■ Defendant speculates that the award must have been based upon an interpretation of the agreement which would permit a reduction of the $67,500 credit. Defendant argues that such an interpretation constitutes gross error. We cannot, however, set aside the arbitrators' award because of defendant's speculations as to the basis of the award.

The award was issued without reference to the facts, as presented

by the parties, or the rationale based in law. Hence, mistakes in fact or law if any would not appear on the face of the award. It is well settled that arbitrators need not provide explanations or rationale to show how their conclusions were reached. An arbitrator need only announce his result. *Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1049; *Cohen v. Meyers* (1969), 115 Ill. App. 2d 286, 294.

Even assuming, *arguendo*, the award was reached by interpreting the agreement, as defendant asserts, so as to allow a reduction in credit, we do not find such an interpretation so unreasonable as to warrant setting aside the award under the standard set forth in *Garver*.

In *Garver*, the Illinois Supreme Court, quoting from M. Pirsig, *Some Comments on Arbitration Legislation & the Uniform Act,* 10 Vand. L. Rev. 685, 706 (1957), applied the following standard in determining whether an arbitration award should be set aside:

> " '[T]he question for the court is whether the construction of the contract made by the arbitrator is a reasonably possible one that can seriously be made in the context in which the contract was made. Stated affirmatively, if all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the contract, then the court would be bound to vacate or refuse to confirm the award. [Citation.]' " *Garver,* 76 Ill. 2d at 9-10.

The portion of the parties' agreement that is the subject of dispute is the credit provision. The section provides that the $67,500 credit is "due at the completion of the Bidding or Negotiation Phase as applicable to the Schematic Design Phase, Design Development Phase and Construction Documents Phase." This section is ambiguous and could be interpreted as either credit subject to reduction or, as defendant argues, not subject to reduction.

The arbitrators, over a period of days, heard both parties testify as to their understanding of the agreement, the context in which the agreement was drafted, the requested revisions, and the credit provision. The arbitrators were apparently knowledgeable in the fields of construction and law, as one was an architect and another an attorney. Their construction of the provision so as to allow for a reduction in credit is a fair reading of the provision. We find that the arbitrators' construction of the agreement was a reasonably possible interpretation.

■ Defendant next contends that the arbitrators exceeded their authority under the Act by reforming the agreement so as allow for a reduction in credit. Section 12 of the Act provides that the court shall

vacate an award where "[t]he arbitrators exceeded their powers." Ill. Rev. Stat. 1985, ch. 10, par. 112(a)(3).

We find no merit in this argument. The basis of the award was not revealed. To argue that the agreement was reformed by the arbitrators to allow for a reduction in credit is simply unfounded. This court cannot address defendant's argument, which has no basis in fact.

The parties agreed to arbitration. The arbitration provision in their agreement gave them the right to submit disputes to binding and final arbitration. The arbitrators may make an award that will fully settle the controversy. (*Himco Systems, Inc. v. Marquette Electronics, Inc.* (1980), 86 Ill. App. 3d 476, 480.) All decisions of the arbitrators were to be final.

In the absence of a stated reservation, the parties are presumed to agree that all matters as to fact and, in this case, application of Illinois law are included in the authority of the arbitrators. (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1051.) To set aside an award and have the court determine defendant's rights simply because his view was not sustained is untenable. The award would be a commencement and not the end of litigation. *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 606.

This court will not reverse the trial court's decision or vacate plaintiff's award based on defendant's reformation argument.

Counsel for plaintiff at oral argument made a request for fees but this matter was not presented to the trial court and was not considered in the briefs on file. Therefore, this court will not consider the matter here.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW and LINN, JJ., concur.