COOK COUNTY, Petitioner-Appellant, v. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, District Counsel 31, Local 3315, AFL-CIO, Respondent-Appellee.

First District (3rd Division)   No. 1—97—0147

Opinion filed February 11, 1998.

Richard A. Devine, State's Attorney, of Chicago (Patricia Shymanski, Peter Fischer, John J. Murphy, and Regina W. Calabro, Assistant State's Attorneys, of counsel), for appellant.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Petitioner Cook County appeals from an order of the circuit court confirming an arbitration award in favor of respondent American Federation of State, County and Municipal Employees, District Council 31, Local 3315, AFL-CIO. Petitioner and respondent entered into a collective bargaining agreement, effective December 1, 1990, through November 30, 1993, with regard to assistant public defenders, grades I through IV. A dispute arose over the promotion of a grade II attorney and a grievance was filed with the public defender's office. The parties were unable to resolve the issue through the standard grievance process, and the matter was submitted to arbitration. An arbitration award was entered in favor of respondent and was confirmed by the circuit court. Petitioner has appealed, contending that the arbitrator exceeded the scope of his authority.

The dispute in this case centers around article V, section 3, of the collective bargaining agreement, which provides: "[w]hen filling a vacancy through promotion, the most qualified applicant will be selected; in the event qualifications are relatively equal, seniority will control." In July 1992, a grade III attorney position became available and approximately 10 grade II attorneys applied for the position. On August 24, 1992, Cheryl Lipton, the least senior applicant, was promoted to the grade III position. Respondent filed a grievance on behalf of all grade II attorneys who had more seniority than Lipton, claiming that all the applicants were equally qualified for the position and that the person with the most seniority should therefore have been promoted.

On December 9, 1992, a step II grievance hearing was held before the first assistant public defender. The hearing officer ruled that Cary Berman was the most senior applicant at the time Lipton was promoted. However, in actions unrelated to this matter, Berman and five other grade II attorneys were promoted to grade III positions in November and December 1992. The hearing officer upheld Lipton's promotion and awarded Berman retroactive pay to August 24, 1992, the date Lipton was promoted.

Respondent, however, continued the grievance process to step III on behalf of the remaining grade II attorneys. Respondent argued that because Lipton remained in her grade III position, all of the other grade II attorneys with more seniority than Lipton should be promoted to grade III. On January 22, 1993, the hearing officer denied respondent's request, stating that such a remedy was beyond the scope of the collective bargaining agreement.

Respondent then submitted its grievance to arbitration. Arbitration hearings were held on April 13, 1995, September 12, 1995, and January 3, 1996. At these hearings, the parties stipulated to the following: (1) all of the grade II attorneys were equally qualified at the time Lipton was promoted; (2) the public defender's office violated the collective bargaining agreement when it promoted Lipton instead of the most senior attorney at the time; and (3) the sole issue to be determined by the arbitrator was the appropriate remedy for the grievance. Both parties claim that they stated during the arbitration hearings that they were not seeking the removal of Lipton from her grade III position.

On June 23, 1996, the arbitrator entered an award in favor of respondent, directing petitioner to remove Lipton from her grade III position and to promote the attorney highest in seniority other than Berman to the grade III position with retroactive pay to August 24, 1992. On September 20, 1996, petitioner filed a motion to vacate the

arbitration award, and a hearing was held before the trial court on December 10, 1996. The circuit court confirmed the arbitration award and petitioner has appealed.

■ On appeal, petitioner contends that the arbitrator exceeded his authority by removing Lipton from her position and by promoting another attorney to grade III status. Petitioner also argues that the financial compensation awarded the newly promoted attorney constituted punitive damages. The object of arbitration is to achieve final disposition of differences in an easier, more expeditious and less expensive manner than by litigation. *Wilcox Co. v. Bouramas*, 73 Ill. App. 3d 1046, 1050, 392 N.E.2d 198, 201 (1979). Judicial review of arbitration awards under collective bargaining agreements is extremely narrow. *Amax Coal Co. v. United Mine Workers of America*, 92 F.3d 571, 575 (7th Cir. 1996). Illinois law provides that judicial review of an arbitrator's decision is more limited than appellate review of a trial court's decision. *Tim Huey Corp. v. Global Boiler & Mechanical, Inc.*, 272 Ill. App. 3d 100, 108, 649 N.E.2d 1358, 1364 (1995).

■ The Illinois Arbitration Act allows vacation of an arbitration award only if it was procured by corruption or fraud, partiality or misconduct by the arbitrator, or where the arbitrator exceeded the scope of his authority. 710 ILCS 5/12(a)(1) through (a)(3) (West 1992). There is a presumption that the arbitrator did not exceed the scope of his authority. *Tim Huey*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1362. Therefore, if the arbitrator acted in good faith, the award is conclusive upon the parties. *Tim Huey*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1362. In this case, petitioner does not allege fraud, partiality, misconduct or failure to hear evidence on the part of the arbitrator. So the only issue is whether the arbitrator exceeded the scope of his authority in determining the appropriate remedy for petitioner's violation of the agreement.

■ It is well settled that the scope of an arbitrator's authority is determined by the arbitration agreement or by the submission, which serves not only to define, but also to circumscribe, the authority of the arbitrator. *Wilcox*, 73 Ill. App. 3d at 1050, 392 N.E.2d at 201. If an arbitrator attempts to decide a question clearly not submitted to him, then he exceeds his authority and the award may be vacated. *Wilcox*, 73 Ill. App. 3d at 1050-51, 392 N.E.2d at 202. Where it is contemplated that the arbitrator will determine remedies for contract violations, courts have no authority to disagree with an arbitrator's honest judgment. *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 38, 98 L. Ed. 2d 286, 299, 108 S. Ct. 364, 371 (1987). As long as the arbitrator is even arguably construing or applying the

contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn the arbitrator's decision. *United Paperworkers*, 484 U.S. at 38, 98 L. Ed. 2d at 299, 108 S. Ct. at 371.

In the case at bar, the collective bargaining agreement defines the arbitrator's authority as follows:

"The Arbitrator, in his/her opinion, shall not amend, nullify, ignore or add to the provisions of this Agreement. The issue or issues to be decided will be limited to those presented to the Arbitrator in writing by the County/Designee and the Union. His/Her decision must be based solely upon his/her interpretation of the meaning or application of the express relevant language of the Agreement."

Petitioner does not dispute that it violated the agreement when it promoted Lipton to the grade III position instead of the most senior attorney at the time. The only issue submitted to the arbitrator in writing was the "appropriate remedy" for petitioner's violation. Petitioner argues that the parties limited the scope of the arbitrator's authority by stating during the arbitration hearings that they were not seeking the removal of Lipton from her grade III position. These statements, however, were made with regard to the remedy that each party was seeking, rather than for the purpose of limiting the arbitrator's authority. Furthermore, the statements were never placed in writing and submitted to the arbitrator under the terms of their agreement. As in *Board of Education of Community High School District No. 155 v. Illinois Educational Labor Relations Board*, 247 Ill. App. 3d 337, 346, 617 N.E.2d 268, 275 (1993), the broad wording of the parties' submission to the arbitrator gives the arbitrator "virtual carte blanche" to fashion a suitable remedy. The court in that case explained: "[t]o limit the arbitrator to a single remedy would be antithetical to the oft-acknowledged need for flexibility in fashioning arbitration remedies for violations of collective bargaining agreements." *Board of Education*, 247 Ill. App. 3d at 346, 617 N.E.2d at 276. In *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 4 L. Ed. 2d 1424, 80 S. Ct. 1358 (1960), the United States Supreme Court stated that "[w]hen an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations." *United Steelworkers*, 363 U.S. at 597, 4 L. Ed. 2d at 1428, 80 S. Ct. at 1361.

Here, the arbitrator found that as long as Lipton remained in her grade III position, all the attorneys who were improperly

bypassed suffered an injury. Respondent asked that all of the remaining grade II attorneys be promoted to grade III status. The arbitrator, however, found this proposed remedy to be unduly punitive and inappropriate because there was only one grade III position at issue. Consequently, the arbitrator resolved the matter by removing Lipton from her grade III position and reinstating her to the position she would have been in had she not been improperly promoted before the other qualified candidates. The arbitrator also directed petitioner to promote the most senior attorney, other than Berman, to the grade III position held by Lipton. Petitioner contends that the arbitrator exceeded his authority in doing this because Berman, the most senior attorney at the time of Lipton's promotion, was promoted in November 1992. The arbitrator, however, noted in his opinion that the promotion of Berman to a different grade III position in November 1992 was a separate, unrelated action and irrelevant to his determination of the appropriate remedy. Based on his interpretation of the agreement and the facts before him, the arbitrator reasoned that the person entitled to the grade III position held by Lipton was the attorney who had the most seniority on August 24, 1992, other than Berman. This remedy, although not the only possible solution, was well within the scope of the arbitrator's authority.

■ Petitioner also argues that the retroactive financial compensation awarded the newly promoted grade III attorney constituted punitive damages. We disagree. Punitive damages are not awarded as compensation, but serve instead to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future. *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404, 414, 563 N.E.2d 397, 401 (1990). Punitive damages may only be awarded in arbitration if the parties expressly agree that the arbitrator has the authority to award such damages. *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 105, 593 N.E.2d 833, 844 (1992). In this case, there is nothing in the record that suggests the award of retroactive pay was punitive. The retroactive compensation award was limited to the salary differential between a grade II and grade III attorney. The award was designed to put the newly promoted attorney in the position he would have been in if petitioner had not violated the agreement, and not to punish petitioner. Based on the record before us, we believe that the arbitrator acted within the scope of his authority in resolving the issue submitted to him by the parties and that the financial compensation awarded was not punitive in nature.

Finally, in a footnote contained in its reply brief, petitioner cites *Chief Judge of the Sixteenth Judicial Circuit v. Illinois State Labor Relations Board*, 178 Ill. 2d 333 (1997), and states that "arguably" re-

spondent may no longer represent the aggrieved public defenders. Yet, petitioner neither presents argument nor requests relief based on this recent supreme court decision. We will not address issues that might have been raised but that were not properly presented to this court. We, however, note for the record that *Chief Judge* was decided December 11, 1997, affirming an appellate court opinion issued October 11, 1995. *Chief Judge of the Sixteenth Judicial Circuit v. Illinois State Labor Relations Board*, 275 Ill. App. 3d 853, 656 N.E.2d 791 (1995). The grievance filed by respondent in the case before us arose out of an incident on August 24, 1992, and was governed by a collective bargaining agreement that expired November 30, 1993. Under that agreement, Cook County public defenders were vested with the right to a grievance process while the collective bargaining agreement was in effect. At the time there were no statutory provisions or judicial holdings that public defenders were managerial employees prohibited from entering into collective bargaining agreements with their employers. Supreme and appellate court opinions may not be read to apply retroactively when the reading impairs a vested right. *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 664 N.E.2d 36 (1996).

The judgment of the circuit court is affirmed.

Affirmed.

LEAVITT, P.J., and BURKE, J., concur.