No. 2--04--0125

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

HERRICANE GRAPHICS, INC., ) Appeal from the Circuit Court

) of DeKalb County.

Plaintiff-Appellee and )

Cross-Appellant, )

)

v. ) No. 02--LM--558

)

BLINDERMAN CONSTRUCTION )

COMPANY, INC., )

) Honorable

Defendant-Appellant and ) Kurt P. Klein,

Cross-Appellee. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Blinderman Construction Company, Inc., appeals 
the
 judgment of 
the
 circuit court of DeKalb County denying its motion to confirm an arbitration award in its favor 
and granting 
the
 motion of 
plaintiff
, Herricane Graphics, Inc., 
to vacate 
the
 award and enter judgment in its 
favor 
in the
 amount of $47,163
.  Defendant contends that 
the
 trial court exceeded its authority in vacating 
the
 arbitrator's decision. 
 Plaintiff cross-appeals 
the
 trial court's failure to award 
plaintiff
 interest under 
the
 State Prompt Payment Act (Payment Act) (30 ILCS 540/0.01 
et
 
seq.
 (2002)) 
and 
the
 court's failure to compensate 
plaintiff
 for 
the
 labor-related component of its work.  
We reverse 
the
 trial court's judgment
 and confirm 
the
 arbitrator's award.

FACTS

Plaintiff and 
defendant
 entered into contract negotiations for 
plaintiff
 to furnish and install signs for 
defendant
 at a construction project at Northern Illinois University (NIU).  Defendant was 
to be the
 general contractor for 
the
 project, and 
plaintiff
 was to be 
the
 subcontractor.

On July 7, 1998, 
defendant
 faxed 
plaintiff
 
the
 initial draft of its subcontract agreement.  Plaintiff acknowledged receipt of 
the
 contract and agreed to 
the
 terms by letter dated July 9, 1998.  However, 
plaintiff
 never sent 
defendant
 a signed version of 
the
 contract or any subsequent contract.
   
The initial contract contained several terms of importance to 
the
 proceedings:  an arbitration clause and two clauses regarding certified payrolls.  The arbitration clause provided, in relevant part, that any controversy or claim arising out of or relating to 
the
 subcontract, or breach thereof, was to be settled by arbitration.  
The clauses regarding certified payrolls provided
, in relevant part:

"Payment will be made once each month equal to 90% of 
the
 value of 
the
 work satisfactorily completed as received from 
the
 Owner.  Written request for payment must be in 
the
 hands of 
the
 Contractor not later than 
the
 1st of each month covering work satisfactorily completed during 
the
 previous month, in a form as required by 
the
 Contractor.  ***  The Subcontractor shall furnish to 
the
 Contractor a breakdown of costs of said Subcontract, showing monetary value of each item of labor and material, in accordance with terms of 
the
 General Contract, and in a 
form acceptable to 
the
 Contractor.

* * *

Compliance with Applicable Laws[.]  ***  Subcontractor will submit required compliance reports, including weekly certified payrolls as required by federal law."

T
he
 parties modified 
the
 
contract terms between 
the
 time 
defendant
 sent 
plaintiff
 
the
 initial proposal and August 25, 1998.  However, 
defendant
 alleged that 
the arbitration and payroll terms were never revised, amended, or excluded.  During the contract modification period, 
plaintiff
 commenced 
installation of 
the
 signs.  A significant portion of 
the
 work was fully performed prior to receipt of 
the
 August 25, 1998, contract modification.  Plaintiff points out that this contract contains a rider entitled "Instructions For Subcontractors," which provides 
the
 following 
instruction regarding payroll certification and Equal Employment Opportunity reporting requirements:

"You are advised that 
the
 Owner has a right to order funds withheld from payments equal to 
the
 amount of 
the
 
labor
 expended in 
the
 event that these records are not completed."  (Emphasis added.)

By letters dated September 9, 1998, November 16, 1998, and March 22, 1999, 
defendant
 acknowledged to 
plaintiff
 that 
the
 owner ,NIU, had approved all of 
plaintiff
's work and had paid 
defendant for that work
.  Plaintiff alleged that approximately 90% of that work, or $47,163, represented 
the
 selling price of hardware and other goods that 
plaintiff
 had installed at 
the
 jobsite.  Plaintiff alleged that 
the
 balance, $5,240, represented 
the
 labor component of 
plaintiff
's work.

Plaintiff believed that its performance was based on a bid contract that was accepted by 
defendant,
 and 
plaintiff
 objected to 
the
 execution of 
the
 August 25, 1998, contract because it did not contain 
the
 correct scope of work.  Plaintiff acknowledged that 
defendant
 was withholding 
the
 funds 
that defendant
 had received from NIU until 
defendant
 received a certified payroll from 
plaintiff
.  Plaintiff also acknowledged that 
the
 execution of 
the
 contract was a condition of payment
.

Defendant alleged that, during 
plaintiff
's performance of 
the
 contract, 
defendant
 repeatedly attempted to obtain certified payrolls from 
plaintiff
.  Defendant also alleged that it repeatedly advised 
plaintiff
 that payment would be issued only 
upon receipt of those certified payrolls.  However, 
plaintiff
 never delivered certified payrolls to 
defendant
.  As a result, 
defendant
 refused to pay 
plaintiff
.

In December 2002, four years after 
the
 project was completed, 
plaintiff
 sued 
defendant
 for, 
inter
 
alia
, breach of contract to recover 
for the
 work it performed and 
the
 material it expended on 
the
 project.  Defendant subsequently filed a motion requesting 
the
 trial court to stay 
the
 suit pending arbitration.  The trial court granted 
defendant
's motion and 
the
 matter was submitted to arbitration.

The arbitrator entered an award in 
defendant
's favor, finding that 
the
 submission of certified payrolls was a condition of payment and 
the
 failure to provide 
the
 certified payrolls prevented 
plaintiff
's recovery of any money for either wages or material expended under 
the
 contract.  Neither 
plaintiff
 nor 
defendant
 supplied this court with a record of 
the
 arbitration hearing or 
the
 memorandum of decision.  We note that 
the 
materials used by 
plaintiff
 for 
the
 project constituted 90% of 
the
 total amount requested for reimbursement.

On September 8, 2003, 
defendant
 filed a motion with 
the
 trial court to confirm 
the
 arbitration award and enter judgment 
in 
it
s favor.  Thereafter, 
plaintiff
 filed a motion objecting to 
the
 confirmation of 
the
 award.  Plaintiff sought to vacate 
the
 award under section 12(a)(3) of 
the
 Uniform Arbitration Act (Arbitration
 Act) 
(710 ILCS 5/12(a)(3) (West 2002)), or in 
the
 alternative, to modify 
the
 award pursuant to section 13 of 
the
 Arbitration
 Act (710 ILCS 5/13 (West 2002)).

On January 29, 2004, 
the
 trial court denied 
defendant
's motion to confirm 
the
 award, and granted 
plaintiff
's motion to vacate 
the
 award.  The trial court noted in its order that it specifically disagreed with 
the
 arbitrator's decision with respect to 
the
 materials furnished on 
the
 project and found that 
the
 value of 
the
 materials furnished by 
plaintiff
 to 
defendant
 on 
the
 construction project was 90% of 
the
 total amount of 
plaintiff
's claim.
  Accordingly, 
the
 trial court entered judgment in 
plaintiff
's favor in 
the
 amount of $47,163, representing 90% of 
$52,403 sought by 
plaintiff
.

Defendant
 timely appeals, contending that 
the
 trial court exceeded its authority in vacating 
the
 arbitrator's decision.  Plaintiff timely cross-appeals, contending that 
the
 trial court erroneously failed to award 
plaintiff
 interest under 
the
 Payment Act and failed to compensate 
plaintiff
 for 
the
 labor-related component of its work.

ANALYSIS

It is well settled that a court's review of an arbitrator's award is extremely limited (
American Federation of State, County & Municipal Employees 
v. The Department of Central Management Services
, 173 Ill. 2d 299, 304 (1996)), in fact, more limited than appellate review of a trial court's decision.  
Cook County v. American Federation of State, County & Municipal Employees, District Counsel 31, Local 3315
, 294 
Ill. App. 3d
 985, 988 (1998).  Because 
the
 parties have agreed to have their dispute settled by an arbitrator, it is 
the
 arbitrator's view that 
the
 parties have agreed to accept, and 
the
 court should not overrule an award simply because its interpretation differs from that of 
the
 arbitrator.  
Everen Securities, Inc. v. A.G. Edwards & Sons, Inc.
, 308 
Ill. App. 3d
 268, 273 (1999).  
Furthermore, there is a presumption that 
the
 arbitrator did not exceed his authority.  
Tim Huey Corp. v. Global Boiler & Mechanical Inc.
, 272 
Ill. App. 3d
 100, 106 (1995).  
Thus, a court must construe an award, if possible, so as to uphold its validity.  
Everen Securities
, 
308 
Ill. App. 3d
 
at 273.  A court has no power to determine 
the
 merits of 
the
 award simply because it strongly disagrees with 
the
 arbitrator's contract interpretation.  
Canteen Corp. v. Former Foods, Inc.
, 238 
Ill. App. 3d
 167, 179 (1992).  Also, a court cannot overturn an award 
on 
the
 ground that it is illogical or inconsistent.  
Perkins Restaurants Operating Co., L.P. v. Van Den Bergh Foods Co.
, 276 
Ill. App. 3d
 305, 309 (1995).  In fact, an arbitrator's award will not even be set aside because of errors in judgment or a mistake of law or fact.  
Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.
,
 181 
Ill. 2d
 373, 381 (1998).

The limited circumstances under which we may modify or vacate an arbitration award are set forth in 
the
 Arbitration
 Act (710 ILCS 5/1 
et
 
seq.
 (West 2002)).  Section 13(a) of 
the
 Arbitration
 Act (710 ILCS 5/13(a) (West 2002)) allows a court to modify or correct an award where: (1) there was an evident miscalculation or an error in a description; (2) 
the
 arbitrators ruled on a matter not submitted to them, and 
the
 court is able to correct 
the
 award without affecting 
the
 merits of 
the
 decision upon 
the
 issues submitted; or (3) 
the
 award is imperfect in form.

Under section 12(a) of 
the
 Arbitration
 Act (710 ILCS 12(a) (West 2002)), a court can vacate an award in 
the
 following circumstances: (1) the award was obtained by corruption or fraud; (2) 
the
 arbitrator was partial; (3) 
the
 arbitrator 
exceeded his powers; (4) 
the
 arbitrator 
unreasonably refused to postpone 
the
 hearing or hear material evidence; or (5) there was no arbitration agreement.

Although a court cannot vacate an award due to errors in judgment or mistakes of fact or law, a court can vacate an arbitration award where a gross error of law or fact appears on 
the
 award's face, or where 
the
 award fails to dispose of all matters properly submitted to 
the
 arbitrator.  
Edward Electric Co. v. Automation, Inc.
, 229 
Ill. App. 3d 
89, 97-98 (1992).
  To vacate an award based on a gross error of law, a reviewing court must be able to conclude, from 
the
 award's face, that 
the
 arbitrator was so mistaken as to 
the
 law that, if apprised of 
the
 mistake, he would have ruled differently.  
Lee B. Stern & Co. v. Zimmerman
, 277 
Ill. App. 3d
 423, 428 (1995).  The burden is placed on 
the
 challenger to prove by clear and convincing evidence that an award was improper
.  
Thomas v. Leyva
, 276 
Ill. App. 3d 
652, 654 (1995).

On appeal, 
defendant
 contends that 
the
 trial court erred in vacating 
the
 arbitrator's decision.  Specifically, defendant asserts that by invading 
the
 province of 
the
 arbitrator and substituting its own construction of 
the
 contract and interpretation of 
the 
facts
, 
the
 court failed to apply 
the
 proper standard of review 
.  Plaintiff counters that 
the
 rider to 
the
 August 25 contract 
expressly provides that 
defendant
 has a right to withhold payments equal to 
the
 amount of
 
labor
 expended but not 
material used, and that the contract cannot be reasonably interpreted to cover amounts beyond labor expended.  Plaintiff contends that
 the
 arbitrator exceeded his jurisdiction in interpreting 
the
 contract to find that 
plaintiff
 was not entitled to any
 funds expended
.  
Therefore, 
plaintiff
 argues that the
 trial court correctly vacated 
the
 award
.  We review 
the
 trial court's ruling 
de
 
novo
, as only 
the
 trial court's legal conclusions are at issue.  
Hawrelak v. Marine Bank, Springfield
, 316 
Ill. App. 3d
 175, 179 (2000).

We find that 
the
 trial court did not have 
the
 authority to vacate 
the
 award under section 12(a)(3) of 
the
 Arbitration Act.  In determining 
the
 proper standard to be applied in construing 
section 12(a)(3) of 
the
 Arbitration 
Act, 
we have looked to 
the
 explanation of 
the
 chairman of 
the
 committee that drafted 
the
 Arbitration Act, which Illinois adopted in 1961:

" '[
T]he question for 
the
 court is whether 
the
 construction of 
the
 contract made by 
the
 arbitrator is a reasonably possible one that can seriously be made in 
the
 context in which 
the
 contract was made. 
 
Stated affirmatively, if all fair and reasonable minds would agree that 
the
 construction of 
the
 contract made by 
the
 arbitrator was not possible under a fair interpretation of 
the
 contract, then 
the
 court would be bound to vacate or refuse to confirm 
the
 award.' "  
Rauh v. Rockford Products Corp.
, 143 
Ill. 2d
 377, 391-92 (1991), quoting
 M. Pirsig, 
Some Comments on Arbitration Legislation and 
the
 Uniform Act
, 10 Vand. L. Rev. 685, 706 (1957).

Although 
the
 trial court disagreed with 
the
 arbitrator's decision, we see no principled way for 
the
 trial court to inject itself into this case.  While 
the
 record does not include a transcript of 
the
 arbitration hearing or the memorandum of decision, it is clear that the arbitrator heard 
the
 testimony, assessed 
the
 credibility of 
the
 witnesses, and considered 
the
 exhibits and evidence presented.  The arbitrator then determined whether 
the
 July or August contract controlled, and which terms applied.
  There is no indication that 
the
 arbitrator acted in bad faith, was guilty of fraud, or chose not to follow 
the
 law.  Perhaps 
the
 arbitrator concluded that 
the
 "Instructions for Subcontractor" provision ultimately was waived by 
the
 parties and, thus, the relevant payroll provisions could be read in such a manner as to sustain the arbitrator's interpretation. 
 Perhaps 
the
 arbitrator believed that 
the
 parties, by their actions, interpreted 
the
 payment and payroll provisions as expecting 
full
 payment to be issued only upon receipt of certified payrolls. 
 We find that 
the
 arbitrator's interpretation of 
the
 parties' contract is potentially reasonable in light of 
the
 context of 
the
 contract.

Even if, as 
plaintiff
 asserts, 
the
 arbitrator misinterpreted 
the
 instruction provision regarding deducting only labor and not materials, 
the
 court's interpretation fails to meet 
the
 test in 
Garver v. Ferguson
, 76 
Ill. 2d
 1 (1979), for vacating an award.  Gross errors in judgment or gross mistakes of law or fact are not grounds for vacating an award unless 
the
 errors are apparent upon 
the
 face of 
the
 award.  
Garver
, 76 
Ill. 2d
 
at 7-8.  
Further, 
the
 parties bargained for 
the
 arbitrator's interpretation of 
the
ir final agreement, and a court must not impose its own view.

As 
the
 
Garver
 court succinctly quoted:

" 'Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal.  As a mode of settling disputes it should receive every encouragement from courts of equity.  If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error either in law or fact.  
A contrary course would be a substitution of 
the
 judgment of 
the
 Chancellor in place of 
the
 judges chosen by 
the
 parties, and would make an award 
the
 commencement, not 
the
 end, of 
the
 litigation.' "  
Garver
, 76 
Ill. 2d
 at 9, quoting 
Burchell v. Marsh
, 58 U.S. (17 How.) 
344, 349, 15 L. Ed. 96, 99 (1854).

See also 
Hawrelak
, 316 
Ill. App. 3d
 at 181 ("Once parties bargain to submit their disputes to 
the
 arbitration system (a system essentially structured without due process, rules of procedure, rules of evidence, or any appellate procedure), we are disinclined to save them from themselves").
  
Since we do not find any gross errors in judgment or gross mistakes of law or fact on the face of the award, and for the other reasons stated above, we find no grounds for vacating the arbitrator's award.  
Accordingly, 
the
 arbitrator in this case did not exceed his authority and 
the
 trial court erred in vacating his decision.  As such, 
the
 award should be reinstated.

In 
plaintiff
's cross-appeal, it contends that 
the
 trial court erred in failing to award 
plaintiff
 interest under 
the
 Payment Act 
and 
in failing to compensate 
plaintiff
 for 
the
 labor-related component of its work.  We note that 
plaintiff
 first raised the issue that it was entitled to interest under 
the 
Payment 
Act
 
in its motion to 
the
 trial court to vacate or modify 
the
 arbitrator's award
.  However, after 
the
 trial court issued its opinion vacating 
the
 arbitrator's award, 
plaintiff
 never requested 
the
 trial court to render an opinion regarding whether 
plaintiff
 was entitled to interest under 
the
 Payment 
Act.  The party filing a motion has the responsibility to bring it to the trial court's attention.  
Prather v. McGrady
, 261 Ill. App. 3d 880, 885 (1994), citing 
Gordon v. Bauer
, 177 Ill. App. 3d 1073, 1085 (1988).  Unless circumstances indicate otherwise, where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned.  
Prather
, 261 Ill. App. 3d at 885, citing 
City National Bank v. Langley
, 161 Ill. App. 3d 266, 274 (1987).

Even without waiver, we reject 
both of plaintiff
's arguments on cross-appeal.  Section 7 of 
the
 Payment 
Act provides that if a contractor, without reasonable cause, fails to make any payment to his subcontractor within 15 days after receipt of payment under 
a
 public construction contract, 
the
 contractor shall pay to his subcontractor, in addition to 
the
 payment due, interest in 
the
 amount of 2% per month.  30 ILCS 540/7 (West 2002).  The arbitrator held that 
defendant
 
withheld payment because 
plaintiff
 materially breached 
the
 contract, and therefore, 
the
 contractor had reasonable cause to withhold payment.  Because 
defendant
 withheld payment for reasonable cause, 
plaintiff
 
has no basis for recovery under 
section 7 of the
 Payment 
Act.

Similarly, because 
the
 arbitrator found that 
plaintiff
's breach of 
the
 contract did not entitle it to any recovery, 
plaintiff
 has no basis to argue that 
the
 trial court erred in failing to award it 
the
 labor-related component of its work.

Accordingly, based on the foregoing, the judgment of the circuit court of DeKalb County is reversed and 
the
 arbitrator's decision is reinstated and confirmed.

Reversed.

KAPALA and GILLERAN JOHNSON, JJ., concur.